# CIRCUIT COURT OF FAIRFAX COUNTY

Analytical & Research
Technology, Inc.

v.

Daninger

Case No. L 158188

Analytical & Research
Technology, Inc.

v.

Daninger

Case No. L 152576

Analytical & Research
Technology, Inc.

v.

Hammock

Case No. L 152559

Analytical & Research
Technology, Inc.

v.

Pinney

Case No. L 152560

July 2, 1997

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on the Defendants' motions to vacate default judgments and to quash a garnishment. A hearing took place on May 27, 1997. After hearing oral arguments, the Court took the matter under advisement and asked both parties to submit briefs. Having reviewed the underlying authorities, the Court grants the various motions.

### Facts

On May 24, 1996, Analytical & Research Technology, Inc. ("ART") filed in this Court a Motion for Judgment against Daninger, Hammock, and Pinney ("Defendants") for breach of an employment agreement. Service on the Defendants was obtained through the Secretary of the Commonwealth. When the Defendants did not answer the Motion for Judgment, the Court entered a default judgment against all of the Defendants. The Defendants then appeared and petitioned the Court to vacate the default judgments on the grounds of lack of personal jurisdiction.

### Personal jurisdiction

In Virginia, determinations of personal jurisdiction are a two part analysis. First, a plaintiff must prove that a defendant meets one of the statutory requirements of Virginia's long arm statute. Second, a plaintiff must prove that the court's exercise of jurisdiction will not overstep the limits of due process. *Omega Homes, Inc. v. Citicorp Acceptance Co.*, 656 F. Supp. 393 (W.D. Va. 1987). In this case, the Plaintiff has asserted that Virginia has personal jurisdiction over the Defendants based upon Va. Code § 8.01-328.1(A)(1) and (2). These sections provide that Virginia has personal jurisdiction over a person when the cause of action arises from the person transacting business in Virginia or contracting to supply services or things in the Commonwealth. In the case at bar, ART argues that all of the Defendants were employees of a Virginia company and had various other contacts with the Commonwealth.

The Court, however, finds that even assuming that the Plaintiff has met the requirements of Virginia's long arm statute, the Defendants' contacts with Virginia are insufficient to provide personal jurisdiction under the due process

clause of the U.S. Constitution. The United States Supreme Court has stated that "the constitutional touchstone remains whether the defendant purposely established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (citation omitted). While arguably, the Plaintiff has shown that the Defendants have some minimum contacts with Virginia, the Court finds that these contacts are insufficient to give Virginia personal jurisdiction. Specifically, the United States Supreme Court has stated.

> Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." Thus, courts in "appropriate case[s]" may evaluate "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several states in furthering fundamental substantive social policies."

*Id.* at 476 (citations omitted). Using the Supreme Court's analysis, the Court finds that personal jurisdiction in this matter would *not* comport with fair play and substantial justice. Specifically, in this case, the Defendants are all residents and citizens of the state of Georgia, the employment contract was executed in Georgia, and all services contemplated were to be performed in Georgia. Nothing in this relationship would cause these Defendants to reasonably anticipate that they would be compelled to adjudicate their disputes in Virginia. Additionally, it was the Plaintiff that "reached out" to Georgia to hire the Defendants. Based upon these considerations and the other factors identified by the United States Supreme Court, this Court finds that it does not have personal jurisdiction over the Defendants.

### Conclusion

For the above stated reasons, the Court grants the motions to vacate the default judgments and to quash the garnishment.