# CIRCUIT COURT OF LOUDOUN COUNTY

Phyllis T. Schellinger,
Personal Representative
u/w David Schellinger,
deceased

    v.

John M. Stearns

August 20, 1997

Case No. (Law) 18480

BY JUDGE THOMAS D. HORNE

This matter is before the Court on the Defendant's Motion by Special Appearance to Challenge Personal Jurisdiction and Vacate Judgment Order. Upon consideration of the record and of argument of counsel, heard July 11, 1997, the Motion is denied for the reasons that follow.

By Order of January 8, 1997, this Court granted the Plaintiff's Motion for Entry of Judgment by Default and entered judgment on the Note of February 13, 1983, for the Plaintiff, Phyllis T. Schellinger, Personal Representative under the will of David Schellinger, deceased, against the Defendant, John M. Stearns, in the amount of $54,175.00, together with interest from May 7, 1996, until paid, and costs. The Defendant subsequently appeared specially to move this Court to vacate that judgment order on the ground that the Court lacked personal jurisdiction over the Defendant due to the fact that the service and return of process were deficient. Specifically, Mr. Stearns asserts that the Affidavit of Service filed herein by the private process server failed to comply with Virginia Code §§ 8.01-28 and 8.01-296 in that it (1) did not state with specificity what documents were served on the Defendant and (2) did not have a copy of the requisite Motion for Judgment and Account and Affidavit attached to it when filed in the Clerk's Office.

The Plaintiff counters with the argument that contrary to the Defendant's assertions, the Affidavit of Service does indeed indicate that the Notice of Motion for Judgment and Motion for Judgment were served on the Defendant. Furthermore, the Motion for Judgment served on the defendant included, by incorporation of the exhibits referenced therein and attached thereto, the requisite Account and Affidavit. She further argues that nothing in Code §§ 8.01-28 or 8.01-296, or any other section dealing with service of process, requires that the Affidavit of Service expressly list the individual exhibits attached to and served as a part of the Motion for Judgment or that the Affidavit of Service be accompanied upon filing by copies of the Motion for Judgment and the exhibits thereto. The Plaintiff also points out that the Defendant never claims, despite his attack on the form and content of the Affidavit of Service, to have not received actual service of the Motion for Judgment and the Account and Affidavit.

It is a fundamental rule of law that a court must have jurisdiction over the parties to a cause of action in order to render a valid judgment. The issuance and service of process in the manner prescribed by law is necessary to give the court jurisdiction of the person. If a court lacks such jurisdiction over a party due to invalid service, any judgment rendered against that party is void. *See, e.g., Garritty v. Virginia Dept. of Social Servs. ex rel. Sinift,* 11 Va. App. 39 (1990).

The court file in this case contains an Affidavit of Service, filed December 4, 1996, which, in relevant part, states:

> I, John A. Bartelloni, having been duly authorized to make service of the Notice of Motion for Judgment and Motion for Judgment in the above-entitled case, hereby depose and say ... .
>
> That at 4:05 p.m. on November 26, 1996, I served John M. Stearns at 315 Hanford Court, Sterling VA 20164, by serving, Robert Arthur Stearns, Son, a person of suitable age and discretion who stated that he resides therein with the defendant.

Virginia Code § 8.01-326 provides, "No return [of service] shall be conclusive proof as to service of process [however] the return of a qualified individual under subdivision 2 of § 8.01-293 shall be evidence of the facts stated therein." Mr. Bartelloni, being over eighteen years of age and not a party or otherwise interested in the subject matter in controversy, is such a qualified individual who is eligible to serve process in this case under Virginia Code § 8.01-293(2). The Court, therefore, looks to his affidavit as evidence of the facts it contains, and having no evidence to the contrary before it, finds

that substituted service was made on the Defendant on November 26, 1996, in a manner provided for in Virginia Code § 8.01-296(2)(a), namely, by delivering a copy of the process to the Defendant's sixteen-year-old son at the Defendant's usual place of abode.

The Defendant, however, would have the Court find the Affidavit of Service deficient on several specific grounds. He initially contends that it does not state what was served and does not have the required copies of the Motion for Judgment and Account and Affidavit attached to it.

The Court disagrees, both with the Defendant's assessment of the facts in the first instance and his assessment of the law in the second. Though perhaps not as explicit as it could be, there is no question in the mind of the Court that the Affidavit shows upon its face that the Notice of Motion for Judgment and Motion for Judgment were what was served on the Defendant's son. Furthermore, the Court is aware of no statute or rule, nor does the Defendant identify any, that requires that a private process server's affidavit of service be accompanied by the documentation cited by the Defendant. Virginia Code § 8.01-325 is controlling and requires only that a private process server return as proof of service an affidavit stating his qualifications under Code § 8.01-293 to serve process, the date and manner of service, and the name of the party served. The Affidavit of Service filed in this case is in compliance with § 8.01-293 and, in the Court's opinion, clearly identifies the documents served upon the Defendant. It is therefore not deficient in the eyes of the Court.

The Defendant also would have the Court find the Affidavit of Service deficient in that, according to him, it does not comply with Virginia Code § 8.01-28. Section 8.01-28 provides that, in an action on a note or contract for the payment of money, the plaintiff is entitled to a judgment on a statement of account and an affidavit which states the amount of the claim justly due and the time from which interest is claimed, without further evidence, if the defendant does not appear and deny the claim under oath or file a responsive pleading. Section 8.01-28 further provides that such judgment may be rendered only if "a copy of the affidavit together with a copy of any account filed with the motion for judgment ... is served on the defendant as provided in § 8.01-296 at the time a copy of the motion for judgment ... is so served." The Defendant argues that because the Affidavit of Service does not expressly state that the requisite affidavit and statement of account were served with the Motion for Judgment upon the Defendant, the Affidavit of Service is deficient, thus depriving the Court of jurisdiction over him.

As before, the Court disagrees with both the Defendant's legal premise and his evaluation of the facts relative to this particular issue. In the first place, § 8.01-28 is not jurisdictional, nor does it speak to the required form and

content of the Affidavit of Service. It merely sets forth the conditions under which a plaintiff is entitled to a judgment on an affidavit and statement of account in an action upon a note or contract for the payment of money. A plaintiff's failure to comply with those conditions would simply mean that the plaintiff was not entitled to the judgment provided for in § 8.01-28. It would not deprive the Court of jurisdiction over the person on the basis of invalid service of process, as the Defendant claims.

In the second place, it is the Court's opinion that the requirements of § 8.01-28 were met by the Plaintiff. The Motion for Judgment specifically states, "An affidavit executed by Plaintiff Phyllis T. Schellinger in support of the aforesaid claim is attached hereto as Exhibit C." Attached to the Motion for Judgment as Exhibit C in the court file is a document entitled Account and Affidavit which conforms to the requirements of § 8.01-28. And again, while it is not as explicit as it could be, the Affidavit of Service does indicate, as previously determined, that the Motion for Judgment was served upon the Defendant in a manner consistent with § 8.01-296. The Defendant, it should be noted, offers no evidence, in fact makes no claim, that he was not actually served with the Account and Affidavit or, for that matter, with the Motion for Judgment.

The Court, therefore, finds that the document entitled Account and Affidavit, having been incorporated into the Motion for Judgment as Exhibit C, was properly served as part of the Motion for Judgment upon the Defendant, in compliance with Code § 8.01-28. Accordingly, the burden was then upon the Defendant to either appear and plead under oath or file with the Court before the return date an affidavit or responsive pleading denying that the Plaintiff was entitled to recover from the Defendant on the claim. The Defendant, however, did neither. As a result, the Plaintiff was entitled to a judgment on the Account and Affidavit, without further evidence. Thus, having determined that jurisdiction to enter an *in personam* judgment by default affirmatively appears upon the record and that the judgment so rendered was appropriate under Code § 8.01-28, the Court concludes that its judgment order of January 8, 1997, is valid. The Defendant's motion to vacate that order for lack of proper service upon the Defendant is therefore denied.