Present:  Carrico, C.J., Compton,[*] Lacy, Hassell, Keenan, Koontz, and Kinser, JJ.

GLUMINA BANK d.d.

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 991042                    March 3, 2000

D. C. DIAMOND CORPORATION, ET AL.


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Frank A. Hoss, Jr., Judge

In this appeal of a default judgment in a contract action against a nonresident defendant, we must determine whether the trial court properly entered the judgment.

On October 7, 1998, appellees D. C. Diamond Corporation and Karlo Milic filed in the clerk's office of the court below a motion for judgment against appellant Glumina Bank d.d., for breach of contract.  The plaintiffs sought recovery of $460,000 plus attorney's fees and interest.

The plaintiffs alleged that Diamond is a Virginia corporation engaged in the business of real estate development and that Milic is an alien resident of the Commonwealth but a citizen of Croatia.  The plaintiff further alleged that defendant is a bank located in Zagreb, Croatia.

The plaintiffs also alleged that on two occasions in June 1998, acting through Milic, they contracted with defendant "to

---

[*] Justice Compton participated in the hearing and decision of this case prior to the effective date of his retirement on

transfer, deliver, and supply" to the corporation's bank account in Manassas a total of $460,000 from cash funds delivered in American dollars to defendant from the sale of real estate. The plaintiffs further alleged that defendant "failed to transfer, deliver, and supply the funds as promised."

The plaintiffs also alleged that on "several occasions prior to" June 1998, "pursuant to contracts" between the plaintiffs and defendant, the defendant "had transferred, delivered, and supplied" to the corporation's Manassas bank account funds received in Croatia from Milic.

Additionally, plaintiffs alleged that when the contracts were entered into on June 19 and 29, 1998, Milic and defendant "clearly and definitely intended" that the corporation be "a direct beneficiary of those contracts," and that the corporation "was and is both a direct beneficiary and a third party beneficiary of those contracts."

Also, plaintiffs alleged that they had made demand upon defendant "to honor its contractual obligations to supply the funds" to the corporation in Virginia but defendant "has failed to do so and has refused to refund the funds to Milic."

Finally, plaintiffs alleged that the trial court could exercise personal jurisdiction over defendant pursuant to Code § 8.01-328.1(A)(2) ("court may exercise personal jurisdiction

February 2, 2000.

2

over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ontracting to supply services or things in this Commonwealth . . . .").

The plaintiffs filed with the motion for judgment an affidavit for service of process on the Secretary of the Commonwealth as statutory agent for the nonresident defendant, as authorized by Code § 8.01-329(B). As required, the affidavit set forth the last known address of the defendant in Croatia.

In a Certificate of Compliance, the Secretary of the Commonwealth reported to the trial court that service of the notice of motion for judgment was made on her on October 13, 1998, and that the suit papers were forwarded by registered mail to defendant at the Croatian address on November 2, 1998. Service was effective on November 10, 1998, when the Certificate of Compliance was filed in the circuit court. Code § 8.01-329(C).

The defendant failed to file a pleading in response within 21 days after service of process; therefore, it was in default. Rule 3:5; Rule 3:17.

On December 14, 1998, a paper labeled "Pleading on Motion for Judgement" was lodged with the clerk of the trial court. It was signed "Glumina Bank by Attorney . . . Mladen Simundic," giving a Croatian address. Defendant's counsel of record on appeal correctly admits that this "responsive pleading" was not

3

filed by an attorney authorized to practice law in Virginia and, as such, is a "nullity and should be stricken."

On December 22, 1998, another Certificate of Compliance was filed in the trial court by the Secretary of the Commonwealth dated five days earlier. That document included another affidavit executed by plaintiffs' attorney to support service of process of a "Praecipe" upon the nonresident defendant. The Certificate reported: "On Dec 17 1998, papers described in the Affidavit were forwarded by Fed Ex mail, return receipt requested, to the party designated to be served with process in the Affidavit." The praecipe served on defendant through the Secretary of the Commonwealth was a notice and motion filed in the clerk's office below on December 7, 1998, returnable December 18, 1998, for entry of a default judgment.

The hearing on the motion for default judgment was continued to February 19, 1999. On that day, counsel for the plaintiffs appeared in support of the motion. There was no appearance by or on behalf of the defendant. After a brief hearing, at which only an interpreter testified, the court entered a default judgment against the defendant in the amount of $460,000 plus interest and attorney's fees.

Three days later, on February 22, 1999, defendant, through a Virginia attorney, filed a "Special Appearance, Motion to Quash Service and Objection to Jurisdiction," as well as a

4

"Notice and Motion to Set Aside Default Judgment."  Following a March 5, 1999 hearing on the several motions, at which counsel for the plaintiffs and counsel for the defendant appeared, the court denied the motions.

The defendant appeals and contends the trial court erred in entering the default judgment.  It argues that the trial court lacked personal jurisdiction over defendant, and that the service of process of the notice of motion for judgment and the praecipe through the Secretary of the Commonwealth was improper because none of the bases for personal jurisdiction under Code § 8.01-328.1 "have been alleged or proven."  These contentions are meritless.

Of course, any money judgment rendered without personal jurisdiction over the defendant is void.  Finkel Outdoor Prods., Inc. v. Bell, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965).  But as we already have said, Code § 8.01-328.1(A)(2), a part of Virginia's long-arm statute dealing with the exercise of in personam jurisdiction over nonresidents, permits courts of the Commonwealth to "exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [c]ontracting to supply services or things in this Commonwealth."

A "person," as used in the foregoing statute, includes a "commercial entity, whether or not a citizen or domiciliary of

this Commonwealth and whether or not organized under the laws of this Commonwealth." Code § 8.01-328. Thus, nonresident defendant Glumina Bank qualifies as a "person" under the statute.

"The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." Nan Ya Plastics Corp. U.S.A. v. DeSantis, 237 Va. 255, 259, 377 S.E.2d 388, 391, cert. denied, 492 U.S. 921 (1989). Accord Peninsula Cruise, Inc. v. New River Yacht Sales, Inc., 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999). The Due Process Clause, however, protects a person's liberty interest in not being subject to the binding judgment of a forum unless the person has "certain minimum contacts" within the territory of the forum so that maintenance of the action does not offend "traditional notions of fair play and substantial justice." DeSantis, 237 Va. at 259, 377 S.E.2d at 391 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Accord Peninsula Cruise, 257 Va. at 319, 512 S.E.2d at 562.

To determine whether this nonresident defendant engaged in some purposeful activity in Virginia and whether it had sufficient minimum contacts within the Commonwealth, we must examine the facts. In this case, because the defendant was in

6

default under our rules of procedure, the trial court properly could find the factual allegations of the motion for judgment accurate, as those allegations related to personal jurisdiction. See Landcraft Co. v. Kincaid, 220 Va. 865, 874, 263 S.E.2d 419, 425 (1980).

Those jurisdictional facts establish that defendant, pursuant to contracts between the plaintiffs and defendant entered into before June 19, 1998, had transferred to the Diamond Corporation's Manassas bank account funds received in Croatia from Milic. In accord with this prior course of dealing, the defendant entered into two more contracts in June 1998 in which it promised again to transfer to the corporation's Manassas bank account a total of $460,000 delivered in cash by Milic to defendant. According to the facts, the defendant breached both of the June contracts by failing to honor its obligations to supply the funds to the corporation's Virginia account or to refund the money to Milic.

Consequently, the plaintiffs' cause of action for breach of contract clearly arises from the defendant's "[c]ontracting to supply services or things in this Commonwealth," in the language of the long-arm statute. Manifestly, the nonresident defendant has engaged in purposeful activity in Virginia, and there are sufficient minimum contacts within Virginia so that maintenance of this action here does not offend traditional notions of fair

7

play and substantial justice.  See Elefteriou v. Tanker Archontissa, 443 F.2d 185, 188 (4th Cir. 1971) (failure to make payment to seaman under contract made outside United States by ship owner for payment within Virginia provides basis for assertion of personal jurisdiction for owner's supplying services or things in Virginia within meaning of long-arm statute).  Compare Promotions, Ltd. v. Brooklyn Bridge Centennial Comm'n, 763 F.2d 173, 175 (4th Cir. 1985) (seeking to enforce its right to sell the Brooklyn Bridge, entrepreneur plaintiff, a Virginia corporation, failed to establish personal jurisdiction over New York defendants in Virginia under portion of long-arm statute at issue here because "any contract between plaintiff and defendants was made and was to be carried out in New York.  The long arm of § 8.01 does not extend to a contract formed and performed outside Virginia").

The defendant's second contention that service of the notice of motion for judgment and the praecipe through the Secretary of the Commonwealth was improper because none of the bases for personal jurisdiction under Code § 8.01-328.1 "have been alleged or proven" is but a rehash of its first contention. Code § 8.01-329 plainly provides for service of process to be made upon the Secretary of the Commonwealth as statutory agent of a person against whom "the exercise of personal jurisdiction

8

is authorized" under Code § 8.01-328.1.  This nonresident defendant is such a person, as we have just demonstrated.

In sum, there was full compliance by the plaintiffs with each procedural requirement leading to the judgment by default. See Landcraft Co., 220 Va. at 872-73, 263 S.E.2d at 424. Accordingly, we hold that the trial court properly entered the default judgment, and it will be

Affirmed.