## CIRCUIT COURT OF THE CITY OF WINCHESTER

Ash-Will Farms, L.L.C., et al.

v.

Leachman Cattle Co., L.L.C., et al.

Case No. (Chancery) 02-195

Nicholas W. Gemma et al.

v.

Leachman Cattle Co., L.L.C., et al.

Case No. (Chancery) 02-200

February 13, 2003

BY JUDGE JOHN E. WETSEL, JR.

These cases came before the Court on February 4, 2003, on the Defendants' Motions to Quash Service of Process and to Dismiss based on a forum selection clause in their contract. Brad Weiss, Esquire, appeared for the Plaintiffs; and E. William Chapman, Esquire, made a special appearance for the Defendants.

### I. *Statement of Material Facts*

The following facts are either not disputed or are found by the greater weight of the evidence.

The Plaintiffs are residents of Virginia. Plaintiff William Houck is a former member of the Board of Directors of Leachman Cattle Company.

Defendant Leachman Cattle Company, L.L.C., is a Montana limited liability corporation. "Leachman Cattle is a corporation that engages in the production of beef and related products. The company provides genetic products such as bulls, frozen beef semen, and frozen embryos to cattle producers in the United States and throughout the world." Defendant's Motion to Quash, p. 2. The corporate accountants for Leachman Cattle Company are in Harrisonburg, Virginia. The Board of Directors of Leachman Cattle has met in Virginia. Agents of Leachman Cattle have called the Plaintiffs in Virginia and sent documents and e-mails to the Plaintiffs in Virginia.

Defendant Leland Leachman is a resident of Montana. Leland Leachman traveled to Virginia in 1999 to meet with the Plaintiffs about investing in Leachman Cattle Company.

Defendant Corinne Leachman is a resident of Mexico. She is a defendant in the Ash-Will Farms case only, and she sold part or all of her shares in Leachman Cattle to Plaintiff Ash-Will. She was a member of Leachman Cattle Company, L.L.C., when it made its investment offerings to the Plaintiffs Houck. Allegedly, Leland Leachman acted as her agent with respect to this sale of her shares in Leachman Cattle Company to Ash-Will.

Defendant James Leachman is a resident of Montana. He is a defendant in the Ash-Will Farms case only. He is Chairman of the Board of Directors of Leachman Cattle Company, L.L.C. Allegedly, Leland Leachman acted as his agent when he made representations about Leachman Cattle Company, and it is also alleged that he engaged in corporate misconduct with respect to his dealings with Leachman Cattle Company.

The Plaintiffs Houck first spoke to Leland Leachman about investing in Leachman Cattle Company at a meeting in Montana in September 1999. In October 1999, Leland Leachman came to Virginia and met with the Plaintiffs to solicit the Plaintiffs' investment in Leachman Cattle Company. Thereafter, the Plaintiffs made their investment in Leachman Cattle Company.

After the Virginia meeting there were phone calls and e-mails between Leland Leachman and the Plaintiffs, some of which were made by Leland Leachman to Virginia. After the Virginia meeting, the Plaintiffs decided to invest in Leachman Cattle Company. Plaintiff Ash-Will Farms invested $1,000,000, and Plaintiffs Gemma invested $250,000.

Both the proposed Operating Agreement of Leachman Cattle Company, which was part of the initial prospectus, and the Amended Operating Agreement effective February 10, 2000, contain a forum selection clause:

*11.6: Venue.* The venue of any action, lawsuit, or other proceeding arising out of a disagreement concerning the terms and conditions of this Agreement or the operations of the Company shall be Yellowstone County, State of Montana.

The Amended Operating Agreement effective February 10, 2000, was executed in March 2002 by the Plaintiffs Gemma and Ash-Will Farms, L.L.C., it was not executed by the individual Plaintiffs Houck.

The Plaintiffs have filed these present actions in which they allege breach of the Operating Agreement and fraud in the inducement of the contract and fraud in the inducement of loan guarantees for Leachman Cattle Company executed by the individual Plaintiffs. Paragraph 21 of the Ash-Will Complaint and paragraph 19 of the Gemma Complaint contain the following averment:

Defendants have attempted to take actions, and have taken actions, purportedly on behalf of L.L.C. for which they are not authorized or did not obtain lawful authorization with proper disclosures and have caused, and continue to cause, irreparable harm to the L.L.C. and Plaintiffs.

All of the Defendants were served by service on the Secretary of the Commonwealth, and they have made a special appearance and filed motions to quash service of process. There is a question about whether Corinne Leachman was properly served under the civil process provisions of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Art. 1 *et seq.*, 20 U.S.T. 361, T.I.A.S. 6638, 658 U.N.T.S. 163, because her address on the service on the Secretary of the Commonwealth process forms was a Montana address at which she did not live at the time of the service, although the evidence shows that she actually received a copy of the Bill of Complaint which was forwarded to her by her son.

After these cases were filed in Virginia, Defendant Leachman Cattle Company filed an action in Yellowstone County, Montana, against the plaintiffs in these cases, styled *Leachman Cattle Co., L.L.C. v. William Houck, Joan Houck, Ash-Will Farms, Nicholas Gemma, and Shannon Gemma*, Cause No. DV03-26.

## II. *Conclusions of Law*

Courts routinely enforce forum-selection clauses. *See, e.g., The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 32 L. Ed. 2d 513, 92 S. Ct. 1907 (1972) (holding that forum selection clauses in international contracts are prima facie valid); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 101 L. Ed. 2d 22, 108 S. Ct. 2239 (1988); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.*, 696 F.2d 315, 317 (4th Cir. 1982) (recognizing the parties' right to "agree in advance to submit controversies arising out of their contract to the jurisdiction of a given court"). The freedom to choose a forum by contract is also recognized under Virginia law. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 397 S.E.2d 804, 807 (Va. 1990) (embracing "the modern view" that choice of forum clauses are "prima facie valid"). Absent a showing that the contract forum selection clause is unreasonable or was imposed by fraud or unequal bargaining power, the parties' choice should be enforced. *The Bremen*, 407 U.S. at 10; *Mercury Coal*, 696 F.2d at 317; *Paul*, 397 S.E.2d at 807.

In *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804, 807 (1990), the Supreme Court "embraced the modern view" and ruled that forum selection provisions "are prima facia valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable or affected by fraud." The decision is bereft of any instruction as to what procedure the trial court is to employ when confronted with a fraud count in an action to which the opposing party asserts a forum selection provision. Therefore, its language must be closely parsed to glean insight to the proper analysis in view of the modern stream of forum selection jurisprudence which the *Paul* Court embraced.

After its seminal decision in *The Bremen, supra,* the Supreme Court of the United States clarified the fraud exception to the enforceability of forum selection clauses in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, n. 14, 41 L. Ed. 2d 270, 281 (1974):

> In *The Bremen* we noted that forum selection clauses "should be given full effect" when "a freely negotiated private . . . agreement [is] unaffected by fraud. . . ." This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the agreement is unenforceable. Rather, it means that a . . . forum selection clause in a contract is not enforceable if *the inclusion of that clause in the contract* was the product of fraud or coercion.

*See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595, 111 S. Ct. 1522, 1528, 113 L. Ed. 2d 622, 633 (1991) ("there is no evidence that petitioner obtained respondents' accession to the forum clause by fraud"); and *Marklyn Controls Supply v. Pall Trinity Micro Corp.*, 862 F. Supp. 140, 141 (W.D. Tex. 1994) ("Plaintiff has not shown fraud . . . by Defendant with respect to the forum selection clause or the formation of the agreement.")

Once the contract containing the forum selection provision is proven, the burden shifts to the "party challenging enforcement" to establish that "such provisions are . . . affected by fraud." *Id.* at 342. To establish means to prove. *See, e.g. Martin v. Moore*, 263 Va. 640, 651, 561 S.E. 672 (2002) (burden to establish the amount of damages); and *Hudson v. Pillow*, 261 Va. 296, 302, 541 S.E.2d 556 (2001) (burden to establish abandonment of easement). Therefore, any fraud sufficient to vitiate the forum selection provision must be directed specifically at the insertion of the forum selection clause in the contract and be proven by clear and convincing evidence. "[W]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778 (1996), *quoting Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952). While the burden of proof to be borne by the party who alleges fraud to avoid the application of a forum selection clause may be debatable, one thing is certain, it takes more than the conclusory fraud allegations in the complaints in these cases, none of which are directed specifically at the forum selection clause.

The relationship among the parties began when Dr. Houck and Leland Leachman met in Montana and discussed Houck's potential investment in Leachman Cattle Company. Leachman Cattle Company is a Montana Company with its principal place of business in Montana, and Montana is not a remote and inconvenient forum. There were substantial negotiations between the parties before the Plaintiffs decided to invest. The Plaintiffs were making a business decision to make a substantial investment in Leachman Cattle Company, and the Operating Agreement is not a contract of adhesion, as a matter of fact, the Plaintiffs did not sign the Amended Operating Agreement until March 2002. The Amended Operating Agreement is not the product of overreaching, and it will not deprive the Plaintiffs of their day in court if they have to go to Montana to litigate their claims. *See Seattle-First Nat'l Bank v. Manges*, 900 F.2d 795, 799 (5th Cir. 1990), *relying* on *Bremen, supra*, at 17.

In *Paul Business Systems v. Canon U.S.A., Inc., supra*, none of the plaintiff's rights of action were based on the contract, rather the plaintiff

asserted actions of conspiracy, tortious interference, and defamation, which were all held to be subject to the contract forum selection clause because the action "flows directly from the several dealership agreements . . . the business relationship finds its basis in the agreements." *Id.* at 343. The rule appears to be that, if the right of action flows from the relationship between the parties, which was created by the contract, it is subject to the forum selection provisions of the contract. As in *Paul*, the present actions flow from the Operating Agreement and the business relationship created by the agreement. In the instant case, the forum selection clause states that: "The venue of any action, lawsuit, or other proceeding arising out of a disagreement concerning the terms and conditions of this Agreement *or the operations of the Company*" shall be in Montana. All of the actions asserted in this case arise out of disagreement over the operations of the company, even the vague fraud allegations are that the Plaintiffs were mislead about the company's operations.

Montana prohibits forum selection provisions in contracts, Mont. Code Ann. § 28-2-708, and Montana Courts disregard forum selection provisions. *See State ex rel. Polaris Industries, Inc. v. District Court*, 695 P.2d 471, 472 (Mont. 1985) (Montana resident could sue in Montana despite the contract requirement that suit must be in Minnesota). Forum selection clauses are valid in Virginia, and the fact that Montana does not enforce such provisions does not violate the Privileges and Immunities Clause of the United States Constitution. Paragraphs 21 of the Ash-Will Complaint and 19 of the Gemma Complaint clearly allege violations of the Operating Agreement, which contains a forum selection clause. The complaints also ask to declare guarantees of corporate debt invalid, and there is no legal or equitable reason not to enforce the contract forum selection clause against the parties to it, the Gemmas and Ash-Will Farms.

The resolution of this issue is compounded by the fact that William and Joan Houck are not parties to the Operating Agreement which contains the forum selection clause. However, the Houcks are defendants in the Montana action, and they control Ash-Will, whether they are privies with Ash-Will for the purposes of collateral estoppel or res judicata is an issue for another day. Courts have the "discretion to prevent multiple lawsuits." *Turner Sculpture, Ltd. v. Geographics*, 51 Va. Cir. 178 (2000). In this case, the Plaintiffs can assert all of the rights of action filed in this court in a counterclaim in the action now pending in Montana.

The plaintiff has the burden of proving jurisdictional facts under the long-arm statute. *Haynes v. Carr*, 427 F.2d 700, 704 (4th Cir. 1970) (applying

Virginia law). As the Supreme Court recently stated in *Glumina Bank, d.d. v. D. C. Diamond Corp.*, 259 Va. 312, 317, 527 S.E.2d 775 (2000):

> "The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 237 Va. 255, 259, 377 S.E.2d 388, 391, *cert. denied*, 492 U.S. 921, 106 L. Ed. 2d 594, 109 S. Ct. 3248 (1989). *Accord Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560, 562 (1999).

"[A]n examination of the history of litigation involving the limits placed by the Due Process Clause on the power of state courts to enter binding judgments against persons not served within their boundaries shows a "clearly discernible" trend "toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents." *Nan Ya Plastics Corp. U.S.A. v. DeSantis*, 237 Va. 255, 259.

The Virginia Long Arm Statute "speaks of transacting *any* business, it is a single-act statute requiring only one transaction in Virginia to confer jurisdiction on our courts." *Nan Ya Plastics Corp, supra*, at 260, *quoting Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 644 (1971). In this case, the Defendants purposely availed themselves of the privilege of doing business in Virginia by coming to Virginia or sending their agent to Virginia to solicit investment in Leachman Cattle Company, by calling the Plaintiffs in Virginia, by sending e-mails and letters to Virginia, by having a Board meeting in Virginia, and by retaining the corporate accountant in Virginia. Therefore, it does not offend traditional notions of fair play or due process to conclude that those acts are sufficient to confer jurisdiction in this state but for the forum selection clause in the Operating Agreement.

## III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. Defendants' Motion to Quash and Dismiss for Lack of Personal Jurisdiction of the Defendants is denied;

2. Defendants' Motions to Dismiss based on the forum selection clause in the Amended Operating Agreement is granted as to the claims of Ash-Will and Gemma, and those cases are dismissed, without prejudice; so Chancery No. 02-200 is dismissed from the docket;

3. Defendants' Motions to Dismiss based on the forum selection clause in the Amended Operating Agreement is denied as to the claims of William and Joan Houck, so Chancery No. 02-195 shall remain on the active docket, but that case is stayed pending further proceedings in the case now pending in Yellowstone County, Montana, styled *Leachman Cattle Co., L.L.C. v. William Houck, Joan Houck, Ash-Will Farms, Nicholas Gemma, and Shannon Gemma*, Cause No. DV03-26.