## CIRCUIT COURT OF THE CITY OF ROANOKE

Alfred Ronsdorf

v.

Raiffeisenbank Dornbirn,
reg. Gen. m.b.H.

December 30, 2003

Case No. CL03-1127

BY JUDGE CLIFFORD R. WECKSTEIN

This cause came on this 30th day of December 2003 to be heard upon:

The plaintiff's Motion for Judgment, filed on October 10, 2003;

A Notice of Motion for Judgment issued on the same day;

The plaintiff's Affidavit for Service of Process on the Secretary of the Commonwealth, executed and acknowledged on October 6, 2003;

A Certificate of Compliance of the Secretary of the Commonwealth, received and filed in the office of the Clerk of this Court on November 5, 2003, certifying that, on October 20, 2003, legal service in this case was made upon the Secretary, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia and that, on November 3, 2003, the papers described in the affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the affidavit;

A Praecipe, filed by the plaintiff, requesting that the cause be placed upon the docket on December 30, 2003, for hearing at 11:00 a.m., for entry of an order, judgment, or decree. The praecipe, received and filed by the Clerk on December 22, 2003, bore a certificate of mailing to the defendant on December 18, 2003.

The plaintiff, Alfred Ronsdorf, was present, in proper person, *pro se.* (In response to the Court's comment that he is obviously a person of considerable erudition and background in the law, Mr. Ronsdorf stated that he is not a

member of the bar.) The Court file contains a "Response of Defendant to Motion for Judgment," dated November 28, 2003, received by the Clerk by facsimile transmission on December 1, 2003, and by mail on December 9, 2003. The plaintiff accurately notes that:

The purported pleading was not received within the time permitted by the Rules of the Supreme Court of Virginia;

It is signed by Dr. Wolfgang Zumtobel and by Dr. Dietmar Heingartner. There is no indication that either of those persons is a member of the Bar of the Commonwealth of Virginia;

Lay persons cannot represent the interests of a corporation in the circuit courts of the Commonwealth of Virginia;

Unauthorized practice of law can constitute a Class 1 misdemeanor under the law of Virginia.

The plaintiff was not served with a copy of the responsive pleading by the defendants; he obtained a copy from the Clerk's Office. The responsive pleading attempts to deny that the Circuit Court of the City of Roanoke has jurisdiction and to deny liability to the plaintiff in any event, on any account. On the motion of the plaintiff, the Court strikes the purported responsive pleading.

The Court finds, as the plaintiff requested, that the defendant is in default and "that the trial court properly could find the factual allegations of the motion for judgment accurate, as those allegations related to personal jurisdiction." *Glumina Bank d.d. v. Diamond Corp.*, 259 Va. 312, 317, 527 S.E.2d 775 (2000).

The plaintiff agreed with the Court that, notwithstanding the defendant's default, no valid judgment can be entered unless the Court has personal jurisdiction over the defendant; "any money judgment rendered without personal jurisdiction over the defendant is void." *Id.*, 259 Va. at 316 (quoting *Finkel Outdoor Prods., Inc. v. Bell*, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965)). In his Motion for Judgment, the plaintiff asserts that jurisdiction arises from the defendant's " 'Contracting to supply services or things in this Commonwealth' pursuant to Virginia Code § 8.01-328.1(A)(2)."

These are the relevant factual assertions in the Motion for Judgment, taken as true, and in the language of the Motion for Judgment. Plaintiff engages in the business of real estate development. The defendant is a bank located in Dornbirn, Austria. In July 2003, Plaintiff contracted with defendant for defendant to transfer, deliver and supply to the Plaintiff's bank in Roanoke a total of $250,000 from funds delivered in American dollars to defendant from the sale of real estate. Defendant failed to transfer, deliver, and supply the funds as promised. Plaintiff made demand upon defendant to honor its

contractual obligations to supply the funds to the bank in Virginia but defendant has failed to do so and has refused to refund the funds to Ronsdorf, the plaintiff.

The plaintiff elected to testify. He testified that, as a result of a real estate transaction in Sweden, his partner had deposited U.S. $250,000, or more, in the defendant bank, in Dornbirn, Austria. This money, Mr. Ronsdorf testified, was in an account in the name of a partnership of which he is a general partner. Mr. Ronsdorf further testified that he is a resident of Tennessee. From Tennessee, he testified, he telephoned the defendant bank in Austria, and spoke with a named employee of the bank. Mr. Ronsdorf testified that, because he planned to engage in a real estate transaction in Roanoke, Virginia, he asked the person at the defendant bank to transfer $250,000 to the plaintiff's account with Bank of America in Roanoke, Virginia; that the bank employee agreed to do so; and that the bank employee did not transfer those funds and continues to fail and refuse to do so. The funds remain in the account in Austria, the plaintiff testified.

In support of his claim of jurisdiction under Virginia's long-arm act, Va. Code § 8.01-329(B), the plaintiff relied upon the decision of the Supreme Court of Virginia in *Glumina Bank d.d. v. Diamond Corp.*, 259 Va. 312, 527 S.E.2d 775 (2000). The Court, from the bench, pointed out that the facts of the *Glumina Bank* case are distinguishable from the facts of this case. Among the distinctions between the case at bar and the *Glumina Bank* case is that the foreign defendant, according to the plaintiff's assertions, had not dealt with a Virginia resident, had not engaged in any activity in Virginia, and had not transferred or delivered funds to a bank account in Virginia.

In its pleadings, the plaintiff in *Glumina Bank* alleged that it was "a Virginia corporation engaged in the business of real estate development"; that one Karlo Milic was "an alien resident of the Commonwealth but a citizen of Croatia. The plaintiff further alleged that defendant is a bank located in Zagreb, Croatia." *Id.*, 259 Va. 314.

The plaintiffs also alleged that on two occasions in June 1998, acting through Milic, they contracted with defendant "to transfer, deliver, and supply" to the corporation's bank account in Manassas a total of $460,000 from cash funds delivered in American dollars to defendant from the sale of real estate. The plaintiffs further alleged that defendant "failed to transfer, deliver, and supply the funds as promised."

The plaintiffs also alleged that on "several occasions prior to" June 1998, "pursuant to contracts" between the plaintiffs and defendant, the defendant "had transferred, delivered, and supplied" to the corporation's Manassas bank account funds received in Croatia from Milic.

Additionally, plaintiffs alleged that when the contracts were entered into on June 19 and 29, 1998, Milic and defendant "clearly and definitely intended" that the corporation be "a direct beneficiary of those contracts," and that the corporation "was and is both a direct beneficiary and a third-party beneficiary of those contracts."

Also, plaintiffs alleged that they had made demand upon defendant "to honor its contractual obligations to supply the funds" to the corporation in Virginia but defendant "has failed to do so and has refused to refund the funds to Milic."

*Id.*, at 314-15. As the Supreme Court explained:

"The function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia, to the extent permissible under the Due Process Clause of the Constitution of the United States." The Due Process Clause, however, protects a person's liberty interest in not being subject to the binding judgment of a forum unless the person has "certain minimum contacts" within the territory of the forum so that maintenance of the action does not offend "traditional notions of fair play and substantial justice."

To determine whether this nonresident defendant engaged in some purposeful activity in Virginia and whether it had sufficient minimum contacts within the Commonwealth, we must examine the facts. . . .

[D]efendant, pursuant to contracts between the plaintiffs and defendant entered into before June 19, 1998, had transferred to the Diamond Corporation's Manassas bank account funds received in Croatia from Milic. In accord with this prior course of dealing, the defendant entered into two more contracts in June 1998 in which it promised again to transfer to the corporation's Manassas bank account a total of $460,000 delivered in cash by Milic to defendant. According to the facts, the defendant breached both of the June contracts by failing to honor its obligations to supply the funds to the corporation's Virginia account or to refund the money to Milic.

Consequently, the plaintiffs' cause of action for breach of contract clearly arises from the defendant's "contracting to supply services or things in this Commonwealth," in the language of the long-arm statute. Manifestly, the nonresident defendant has engaged in purposeful activity in Virginia, and there are sufficient minimum contacts within Virginia so that maintenance of this action here does not offend traditional notions of fair play and substantial justice.

*Id.*, at 317-18 (citations omitted).

The Due Process Clause of the United States Constitution:

protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. Thus "[the] forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State" and those products subsequently injure forum consumers. Similarly, a publisher who distributes magazines in a distant State may fairly be held accountable in that forum for damages resulting there from an allegedly defamatory story. And with respect to interstate contractual obligations, we have emphasized that parties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanctions in the other State for the consequences of their activities.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-74, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985) (citations omitted).

"The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State. *International Shoe Co. v. Washington*, [326 U.S. 310], *supra* at 316 [1945]." *Burger King* at 474. The plaintiff's allegations, taken as admitted, do not establish that Raiffeisenbank Dornbirn, reg. Gen. m.b.H., purposefully established the requisite minimum contacts in Virginia. It is undoubtedly true, as the plaintiff vehemently argues, that under the law of Virginia, a "single contact" may be sufficient to establish personal jurisdiction. *Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319, 512 S.E.2d 560 (1999). However, that "single contact by a nonresident defendant [must be] sufficiently 'purposeful' in its aim at, and sufficiently egregious in its impact upon, a forum state's legitimate interests, [to] support a constitutional exercise of specific jurisdiction in respect of a claim arising from that very contact." *First American First, Inc. v. National Asso. of Bank Women*, 802 F.2d 1511, 1516 (4th Cir. 1986). "The mere 'unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State'." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958)).

This Court, having found that the plaintiff's Motion for Judgment, coupled with his testimony, do not support the constitutional exercise of *in personam* jurisdiction over the defendant, offered the plaintiff the opportunity to file an amended motion for judgment, in which he might be able to allege sufficient facts to satisfy the Court that it has the power to act. The plaintiff respectfully declined the opportunity and asked that this Court embody its ruling in an opinion and order so that the plaintiff could appeal this decision. The Court agreed to do so, and the plaintiff expressed gratitude for the judge's commitment to try to enter the order on December 30 or 31, 2003.

Accordingly, the Court adjudges and orders that this action be dismissed for the reasons set forth above. The plaintiff's objections to this ruling are preserved. This decision was announced in open Court and, pursuant to Rule 1:13, the Court dispenses with endorsements.

The Clerk is directed to mail a duly attested copy of this Order to the plaintiff, Alfred Ronsdorf, Box 451, Georgetown, TN 37335. As a courtesy, the Clerk will also mail a duly attested copy to Dr. Wolfgang Zumtobel and Dr. Dietmar Heingartner, Raiffeisenbank Dornbirn, reg. Gen. m.b.H., Am Rathuspark 1, P.O. Box 152, A-6850 Dornbirn, Austria. Nothing further remaining to be done, the cause is stricken from the docket.