## CIRCUIT COURT OF FAIRFAX COUNTY

TalentHunter, L.L.C.

v.

Southern Company Services

January 7, 2014

Case No. CL-2013-15683

By Judge Charles J. Maxfield

This matter came before the Court on the 20th day of December, 2013, on Defendant's Motion by Special Appearance to Dismiss for Lack of Personal Jurisdiction. Upon considering the briefs submitted, as well as oral arguments, the Motion to Dismiss is granted.

### *Factual Background*

This case arises from an alleged breach of an employee recruitment contract between TalentHunter and Southern Company Services. Parties dispute the name of the Defendant. Plaintiff named "Southern Company Services, a/k/a Southern Company" in its Complaint. In a footnote, Defendant mentioned that Southern Company Services and Southern Company are two different companies. Southern Company is a Delaware company with its principal place of business in Georgia. Southern Company Services is an Alabama company with its principal place of business in Alabama. The motion, however, did not address this issue and neither will this letter opinion. "Southern Company Services, a/k/a Southern Company" will be referred to as "Defendant."

In the Complaint, Plaintiff alleges that Defendant is indebted to TalentHunter in the amount of $62,500.00 "for recruitment and personnel services." Comp. ¶ 1. Plaintiff asserts that it "recruited a successful candidate for an open position" and that, "pursuant to the agreement in place between the parties, Plaintiff [is] entitled to a commission equal to 25% of the successful candidate's first year's salary." Comp. ¶ 2. Plaintiff alleges that it introduced the candidate to Defendant, the Defendant interviewed the candidate, and the candidate eventually accepted a position. Comp. ¶ 3. No other facts surrounding the circumstances of the agreement are alleged in the pleadings.

In response to the Complaint, Defendant filed a Motion by Special Appearance to Dismiss for Lack of Personal Jurisdiction. Defendant argues that Plaintiff failed to plead any facts which would form the basis under Virginia Code § 8.01-328.1 to extend personal jurisdiction.

A hearing was held on the 20th day of December, 2013. In response to the Motion to Dismiss, Plaintiff filed a brief providing greater factual detail regarding the agreement. At the hearing, however, no testimony was presented by either party, nor was any evidence introduced.

### Additional Factual Allegations Argued at the Hearing

It is the opinion of this Court, that the only facts properly before it are those pleaded and those demonstrated at an evidentiary hearing. See *Tabet v. Sheban*, 83 Va. Cir. 89 (Fairfax County, 2011). As no evidence was presented at the hearing, this ruling is based upon the facts alleged in Plaintiff's Complaint. However, even if this Court were to accept the representations made by counsel at the hearing as true, the outcome would be the same.

In its brief and at the hearing, Plaintiff argued that TalentHunter, a Virginia company, was hired by Faramarz Pournia to locate a managerial position in the nuclear engineering industry. TalentHunter reached out to several companies on behalf of Mr. Pournia, including the Defendant, a foreign company. TalentHunter sent the Defendant a Service Agreement on behalf of another client and later confirmed by email that it had been added to the Defendant's vendor system.

On August 11, 2011, TalentHunter forwarded the Defendant Mr. Pournia's resume for consideration. Defendant contacted Mr. Pournia on September 9, 2013, for further discussions. This initial interaction did not result in employment.

TalentHunter again contacted Defendant on behalf of Mr. Pournia on January 27, 2012. Following several emails and phone calls between the parties, Defendant contacted Mr. Pournia to discuss employment opportunities. Eventually, Mr. Pournia was offered and accepted a position as Engineering Director.

TalentHunter then sought payment under the Service Agreement for $62,500.00, as alleged in the Complaint. When Defendant refused to pay the recruitment fee, Plaintiff brought the present action.

## Standard of Review

On a motion to dismiss, TalentHunter must establish a *prima facie* case of personal jurisdiction. See *Rannock, Inc. v. The Rannock Corp.*, 52 F. Supp. 2d 681, 684 (E.D. Va. 1999). It is not necessary to plead facts establishing personal jurisdiction in Virginia. See Va. Sup. Ct. R. 1:4. However, once personal jurisdiction has been challenged, the question is one for the judge "with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by the preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

The Court must consider the facts of the particular case to determine whether the plaintiff has alleged sufficient facts to establish personal jurisdiction. *Bell v. Renaissance at Chartwell, L.L.C.*, No. CL 2007-9590, 2008 Va. Cir. LEXIS 42, at *2 (Fairfax County, 2008) (citing *Glumina Bank v. D.C. Diamond Corp.*, 259 Va. 312, 317, 527 S.E.2d 775, 777 (2000)). At this stage, dismissal is only proper if all of the alleged facts taken together fail to establish the existence of personal jurisdiction. See *Verizon Online Servs. v. Ralsky*, 203 F. Supp. 2d 601, 609 (E.D. Va. 2002). Where facts relating to jurisdiction conflict, the Court will view the facts "in the light most favorable to the plaintiff." *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 257, 377 S.E.2d 388, 391, cert. denied, 492 U.S. 921, 109 S. Ct. 3248, 106 L. Ed. 2d 594 (1989).

## Personal Jurisdiction

Determining whether personal jurisdiction exists over a nonresident defendant is a two step inquiry. The first step is determining whether Virginia's long-arm statute reaches the nonresident defendant. The second is determining whether the exercise of personal jurisdiction over the nonresident defendant comports with the Due Process Clause of the Constitution of the United States. *Nan Ya Plastics Corp.*, 237 Va. at 259, 377 S.E.2d at 391, cert. denied, 492 U.S. 921, 109 S. Ct. 3248, 106 L. Ed. 2d 594 (1989).

Although there are two steps, "the function of our long-arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in Virginia." *Id.*, at 259. Virginia's long-arm statute is a single-act statute which requires only one transaction in the Commonwealth to confer jurisdiction. *Id.* at 260 (citing *Kolbe, Inc. v. Chromodern, Inc.*, 211 Va. 736, 740, 180 S.E.2d 664, 667 (1971)). Thus, "the long-arm statute extends personal jurisdiction to the extent permitted by the Due Process Clause," meaning the "statutory inquiry necessarily merges with the constitutional

inquiry." *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) (internal quotations omitted).

## Analysis

TalentHunter alleges that the Defendant has "contract[ed] to provide services or things in this Commonwealth." Va. Code Ann. § 8.01-328.1(A) (2). According to Plaintiff, the Defendant contracted to provide services, in the form of payment, for TalentHunter's employment recruitment services. See *Glumina Bank*, 259 Va. at 317, 527 S.E.2d at 777 (2000) (finding a foreign bank had contracted to supply services in this Commonwealth when it agreed to transfer funds to Manassas). As TalentHunter is a Virginia corporation, those services were to be supplied in Virginia. Thus, the Defendant is subject to personal jurisdiction in Virginia.

This Court is not persuaded. First, this Court notes that, in *Glumina Bank*, the Defendant was in default and thus the trial court could properly find "the factual allegations of the motion for judgment accurate." *Id.* at 317. Second, the parties had a prior course of dealing involving the payment of money into the Commonwealth. *Id.* Third, the Supreme Court of Virginia compared *Glumina Bank* to *Promotions, Ltd. v. Brooklyn Bridge Centennial Comm'n*, 763 F.2d 173, 175 (4th Cir. 1985), where a Virginia corporation failed to establish jurisdiction over New York defendants. In that case, the plaintiff wished to enforce its right to sell the Brooklyn Bridge, but lacked jurisdiction because "any contract between plaintiff and defendants was made and was to be carried out in New York. The long arm of § 8.01 does not extend to a contract formed and performed outside Virginia." *Id.* at 318.

In this case, for reasons explained above, this Court only accepts the facts pleaded in the Complaint. Although at oral argument and in its brief, TalentHunter alleged that an agreement was in place between the parties, TalentHunter admitted that the Service Agreement was never signed by the Defendant. However, even assuming a contract was formed, based on the representations of counsel, any contract would have been created and performed outside of the Commonwealth. This Court is unable to find, based on the evidence properly before it, that any part of the contract was performed in Virginia.

Additionally, as noted above, the long-arm statute is limited by the Due Process Clause of the Constitution of the United States. *Nan Ya Plastics Corp.*, 237 Va. at 259. Thus, even if this Court were convinced that Defendant contracted to supply services or things in this Commonwealth, the exercise of personal jurisdiction would only be permitted if certain "minimum contacts" exist between the Defendant and the forum such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316-17,

66 S. Ct. 154, 158, 90 L. Ed. 95, 102 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (internal quotations omitted)). Where the defendant has created "continuing obligations" between himself and the residents of the forum, he has purposefully availed himself of the benefits and protections of Virginia's laws. *Burger King Corp. v. Rudzeqicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d 528, 543 (1985). For specific jurisdiction over a nonresident, litigation must result from alleged injuries that "arise out of or relate to" those contacts with the forum. *Id.* at 472, 105 S. Ct. at 2182, 85 L. Ed. 2d at 541.

Initially, if there are sufficient minimum contacts in this case, any alleged injury would relate to those contacts. TalentHunter alleges a contract was entered into with the Defendant. The contract is the basis for jurisdiction and the source of the harm. Thus, the question is simply whether the alleged contract between the parties constitutes sufficient minimum contacts such that haling the Defendant into a Virginia court does not offend traditional notions of fair play and substantial justice. See *International Shoe Co.*, 326 U.S. at 316-17, 66 S. Ct. at 158, 90 L. Ed. at 102 (1945).

Defendant's contacts with Virginia do not rise to the level of "purposeful availment" such that haling the Defendant into a Virginia court would comport with due process. *Id.* The alleged contacts properly before the Court are simply (1) that a recruitment agreement existed between the parties and (2) the Defendant hired a candidate the Plaintiff introduced. The full extent of Defendant's alleged contacts as represented by counsel, but not supported by any evidence at the hearing, are as follows: (1) accepting TalentHunter as a vendor in Defendant's vendor system; (2) accepting a resume from another TalentHunter client; (3) allegedly ratifying the Service Agreement by entering TalentHunter into the vendor system and then accepting Mr. Pournia's resume; (4) emails and phone calls with TalentHunter discussing possible employment options.

At this stage, we view the facts in the light most favorable to the plaintiff. See *Eastern Tech. Enters., Inc. v. Wilson & Hayes, Inc.*, 46 Va. Cir. 558 (Norfolk, 1997). However, TalentHunter attached an unsigned Service Agreement and never represented that the Defendant actually signed the contract. Thus, although the parties may have entered into a business relationship of sorts, any terms are unclear at this stage. The Service Agreement contains a forum selection clause which can form the basis for personal jurisdiction if consented to. *Paul Bus. Sys., Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 341-42, 397 S.E.2d 804, 806-07 (1990). Plaintiff failed to prove the Defendant entered into the Service Agreement. Thus, Plaintiff failed to prove the Defendant consented to the jurisdiction of this Court. For the purpose of this motion, the Court assumes without deciding that some agreement was entered into by the parties.

Although a single contract may at times warrant jurisdiction under the long-arm statute, it does not always satisfy due process.

See *Danville Plywood Corp. v. Plain and Fancy Kitchens, Inc.*, 218 Va. 533, 238 S.E.2d 800 (1977). In *Danville Plywood*, a Virginia manufacturer solicited a Pennsylvania company to purchase wood panels, and a contract was formed. However, when the Virginia manufacturer billed the Pennsylvania company for the wood panels, the company refused to pay. *Id.* The manufacturer attempted to bring suit in Virginia, however, the trial court found, and the Supreme Court later affirmed, that the Virginia trial court lacked personal jurisdiction. *Id.*

This case is indistinguishable from *Danville Plywood*. TalentHunter solicited the Defendant to purchase certain goods, specifically, recruitment services. Defendant never reached into the Commonwealth. Defendant does not conduct any business in Virginia. Defendant is not registered to do business in Virginia. At best, the Defendant agreed to accept resumes from a Virginia company and presumably expected to pay a recruitment fee. The parties exchanged emails and phone calls to set up interviews with Mr. Pournia. Even considering the unsupported representations of counsel, this Court is unable to find that Defendant has purposefully availed itself of the laws and privileges of Virginia. See *id.* Further, based on the evidence properly before this Court, the Plaintiff has failed to establish sufficient minimum contacts with Virginia.

## Conclusion

Defendant's contacts with the Commonwealth do not satisfy due process and the Virginia long-arm statute such that the exercise of long-arm jurisdiction is permissible. Thus, Defendant's motion to dismiss is granted.