## CIRCUIT COURT OF FAIRFAX COUNTY

Kevin P. Lucido

   v.

Jeffrey Neill Maxwell

June 6, 2016

Case No. CL-2016-2749

By Judge Stephen C. Shannon

This matter came before the Court on May 13, 2016, on Defendant's motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the motion to dismiss is granted.

### Background

Plaintiff Kevin P. Lucido alleges the following facts in his Complaint, which will be assumed as true for purposes of this motion. In late February of 2015, Defendant Jeffrey Neill Maxwell posted defamatory statements on an online game site known as Wrestler Unstoppable. Compl. ¶¶ 7-8. More specifically, under the guise of a pseudonym, Defendant accused the owner of Sports: Unstoppable, L.L.C. ("Sports: Unstoppable") of sexual harassment, and Defendant stated that he had secured "on[e] of the most respected ladies at SU [Sports: Unstoppable] as a witness." Compl. ¶ 8. Defendant never mentioned the owner of Sports Unstoppable by name on the Wrestler Unstoppable site.

In addition, on February 7, 2016, Defendant indicated in a Facebook exchange that he had "accused him of sexually harassing her." Compl. ¶ 12. When asked during this Facebook exchange whether this accusation is referring to "Mithras or his manager," Defendant stated, "Both. Kevin is a piece of [expletive]." Compl. ¶ 12. Plaintiff's online pseudonym is "Mithras." Compl. ¶ 12.

Plaintiff is a citizen and resident of Virginia. Compl. ¶ 1. He is the founder and Chief Executive Officer of Aurora Media, Inc. ("Aurora"), which is headquartered in Reston, Virginia. Compl. ¶¶ 4, 6. Aurora is the

parent company of several entities, including Sports: Unstoppable, which operates the Wrestler Unstoppable game site. Compl. ¶¶ 5, 7.

Defendant is a resident of Tennessee. Compl ¶ 2. The Complaint does not indicate the location of Sports: Unstoppable, the identity of Sports: Unstoppable's owner, or the name or location of the witness to the sexual harassment. Also, none of the online statements reference Aurora or connect Aurora to either Sports: Unstoppable or Wrestler Unstoppable.

In addition to the facts set forth in the Complaint, Plaintiff submitted an affidavit indicating that Sports: Unstoppable uses Amazon Web Services to provide bandwidth and server hosting for the Wrestler Unstoppable online game site and that the servers used by Amazon Web Services are located in Northern Virginia. Affidavit of Carla Emmons ¶¶ 8, 9.

Defendant contends that the facts set forth in the Complaint fail to state a basis that would allow the Commonwealth of Virginia to exercise personal jurisdiction over him. Plaintiff counters that this Court has personal jurisdiction over Defendant under Va. Code §§ 8.01-328.1(A)(3) and (A)(4).

### Analysis

The purpose of Virginia's Long-Arm Statute, Va. Code § 8.01-328.1, is to exercise jurisdiction over non-residents engaging in some "purposeful activity in Virginia to the extent permissible under the Due Process Clause of the Constitution of the United States." *Glumina Bank v. D.C. Diamond Corp.*, 259 Va. 312, 317, 527 S.E.2d 775 (2000) (opining that a non-resident defendant must have sufficient minimum contacts with Virginia in order to exercise personal jurisdiction).

In assessing whether the Commonwealth of Virginia may exercise personal jurisdiction over a particular defendant, the Court must engage in a two-step analysis to (1) determine whether Virginia's Long-Arm Statute reaches a defendant and (2) ensure that exercising personal jurisdiction over a defendant complies with the Due Process Clause of the United States Constitution. *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 951 (E.D. Va. 1998). Because Virginia's Long-Arm Statute extends personal jurisdiction to the extent permitted by the Due Process Clause, "the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 135-36 (4th Cir. 1996). Thus, the question is whether a defendant has sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339 (1940)).

Furthermore, such contacts must be sufficient, "such that [a defendant] should reasonably anticipate being haled into court there." *World-Wide*

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). A court may exercise jurisdiction over an out-of-state defendant either by a proper "finding [of] specific jurisdiction based on conduct connected to the suit or by [a proper] finding [of] general jurisdiction." *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711 (4th Cir. 2002).

A. *Va. Code § 8.01-328.1(A)(4)*

Va. Code § 8.01-328.1(A)(4) provides for personal jurisdiction over a person acting directly or by an agent as to a cause of action arising from the individual "causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth." Here, even if Defendant caused tortious injury in Virginia by an act outside Virginia, there is nothing to suggest that he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in Virginia. As a result, Va. Code § 8.01-328.1(A)(4) fails to provide a basis for Virginia to exercise personal jurisdiction over this Defendant.

B. *Va. Code § 8.01-328.1(A)(3)*

Va. Code § 8.01-328.1(A)(3) provides for personal jurisdiction over a person acting directly or by an agent as to a cause of action arising from the individual's "causing tortious injury by an act or omission in this Commonwealth." Because it is not alleged that Defendant was ever physically in the Commonwealth of Virginia when he made the defamatory statements that give rise to this action, Defendant's conduct in posting those statements online must constitute an act in Virginia in order to give rise to jurisdiction under Subsection (A)(3). Importantly, subsection (B) of § 8.01-328.1 states in relevant part that "[u]sing a computer or computer network located in the Commonwealth shall constitute an act in the Commonwealth."

In the present case, there is no allegation that the computer Defendant used to make the defamatory statements was located in Virginia. However, there is an allegation that some component of the computer network Defendant used was located in Virginia since the Wrestler Unstoppable game site relies upon servers and Internet bandwidth located in Virginia.

In *Bochan v. La Fontaine*, the United States District Court for the Eastern District of Virginia held that a defendant's use of an AOL account, a Virginia-based service, to publish the allegedly defamatory statements was a sufficient act in Virginia to satisfy § 8.01-328.1(A)(3). 68 F. Supp. 2d 692, 699 (E.D. Va. 1999). "[B]ecause the postings were accomplished through

defendant's AOL account, they were transmitted first to AOL's USENET server hardware, located in Loudoun County, Virginia." *Id.* As in *Bochan,* in the present case, because the servers and Internet bandwidth provided by Amazon Web Services and used to operate the Wrestler Unstoppable game site are located in Northern Virginia, "[a]ll posts submitted by users over the Wrestler Unstoppable online game site are sent through . . . servers located in Northern Virginia." Affidavit of Carla Emmons, ¶ 9. As a result, a post to the Wrestler Unstoppable online game site arguably would constitute an "act" in Virginia under § 8.01-328.1(A)(3).

C. *Due Process Clause of the United States Constitution*

Although a posting on the Wrestler Unstoppable game site may qualify as an "act" in Virginia under the Commonwealth's Long-Arm Statute, the statutory reach is "limited significantly by the constitutional prong of the jurisdictional inquiry." See *Rannoch, Inc. v. Rannoch Corp.,* 52 F. Supp. 2d. 681, 684-85 (E.D. Va. 1999) (internal citations omitted). In *Walden v. Fiore,* the Supreme Court of the United States ruled with regard to the "minimum contacts" Due Process analysis that "an injury is jurisdictionally relevant only insofar as it shows that the defendant formed a contact with the forum state." 134 S. Ct. 1115, 1125, 188 L. Ed. 2d 12 (2014). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* Accordingly, the Court needs to determine not only whether an injury is felt in Virginia, but also whether the offending party intended such harm to be felt in Virginia.

The Court finds that there is an insufficient showing that Defendant intended to target Virginia or published the statements with a specific intent to reach a Virginia audience. Assuming the allegations to be true, including that Defendant's posting to Wrestler Unstoppable was routed through a Virginia server, the facts can be summarized as follows. A Tennessee resident posted on an online game site content that neither referenced Plaintiff's name nor the name of his company, Aurora. Instead, the content consists of accusing the owner of Sports: Unstoppable of sexual harassment. The Court does not know who owns Sports: Unstoppable or the location of Sports: Unstoppable. This Tennessee resident also referenced a witness who works for Sports: Unstoppable. Again, the Court does not know the identity of this individual or whether this person has any connection to Virginia.

Likewise, on the Facebook exchange, Defendant suggests that someone named Mithras, and Mithras' manager, engaged in sexual harassment. There is no inference that this slur is targeted to causing harm in Virginia or intended to reach a Virginia audience, even assuming that Plaintiff's online pseudonym is Mithras and that this was known to Defendant. In addition, there is no allegation that the Facebook post involves a computer network in Virginia.

Consistent with the Supreme Court's ruling in *Walden*, the fact that Plaintiff may have suffered an injury in Virginia is insufficient under the Due Process Clause to give rise to personal jurisdiction over Defendant in Virginia. Without any indication that Defendant knew that the game site utilized a server located in Virginia, the Court finds the facts insufficient to show that Defendant purposely availed himself of Virginia so as to warrant an exercise of personal jurisdiction over him.

For the foregoing reasons, Defendant's motion to dismiss for lack of personal jurisdiction is granted.