## CIRCUIT COURT OF ARLINGTON COUNTY

William A. Fadel

    v.

Maroun El-Khoury

July 12, 2004

Case No. (Law) 92-1307

BY JUDGE JOANNE F. ALPER

    This matter comes before the Court on Defendant's Motion to Set Aside a Default Judgment entered in this case on December 11, 1992. Having heard the arguments of counsel, reviewed the evidence, examined the briefs prepared by the parties, and taken this matter under advisement, the Court issues the following ruling.

*Procedural History*

    This action arises out of a business opportunity that the Defendant, Maroun El-Khoury, allegedly presented to the Plaintiff, William Fadel, in November 1990. According to Plaintiff's pleadings, Fadel provided El-Khoury with $57,500 in exchange for a fifty percent interest in a business venture. (Pl.'s Opp'n to J. Debtor's Mot. to Set Aside Pre-Existing Valid J., & 2.) Fadel ultimately requested that El-Khoury refund his money, and in January 1991, El-Khoury allegedly returned only $21,000.00 of the original investment. (Pl.'s Opp'n to J. Debtor's Mot. to Set Aside Pre-Existing Valid J., & 4.)

On October 21, 1992, Fadel filed a Motion for Judgment with this Court. Fadel's then-attorney, Lawrence Daughtrey, attempted to serve El-Khoury through the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329. In the accompanying affidavit required by Va. Code § 8.01-329(B), Fadel affirmed that El-Khoury was a non-resident of Virginia and indicated that El-Khoury's "last known address" was 5300 Columbia Pike, # 408, Arlington, Virginia 22204 (" Carlyle House address" ). (Def.'s Ex. A.) The Secretary of the Commonwealth duly forwarded this Motion for Judgment to El-Khoury's Carlyle House address, and the Motion for Judgment was later returned as undeliverable. (Pl.'s Ex. G.)

On December 11, 1992, this Court entered a Final Judgment Order against El-Khoury, finding that El-Khoury had been duly served, more than 21 days had elapsed since this service, and that El-Khoury had not filed a responsive pleading. The Court found El-Khoury in default, and, in consideration of Fadel's *ex parte* proof of the debt, awarded judgment for the Plaintiff for $36,500.00 in compensatory damages, $7,142.31 in accrued interest, $50,000.00 in punitive damages, and costs.

In February 2004, some eleven years later, Fadel made his first attempts to execute the default judgment. On June 29, 2004, pursuant to the Defendant's Motion to Set Aside Default Judgment, this Court held an evidentiary hearing and now makes the following factual determinations.

*Factual Determinations Pursuant to Evidentiary Hearing*

In July of 1991, Fadel's then-attorney, Thomas Fadoul, sent a certified demand letter to the Carlyle House address. (Pl.'s Ex. A.) Four weeks later, this letter was returned to Fadoul as "unclaimed." (Pl.'s Ex. C.) In January 1992, Fadel's then-attorney, Richard Shadyac, wrote a second demand letter to El-Khoury, this time addressed to both the Carlyle House address and 4305 South 4th Street, Arlington, Virginia 22204 (" 4th Street address" ). (Pl.'s Ex. D.) A month later, the Carlyle House letter was returned, marked "moved, left no address;" the 4th Street letter, however, was never returned. (Pl.'s Ex. E.)

El-Khoury has established by a preponderance of the evidence that he resided at the 4th Street address for a period within the dates stated in his lease: October 1991 through October 1992. (Def.'s Ex. C.) The testimony of Linda Miller, El-Khoury's former fiancée; Debra Sigmund, El-Khoury's former business associate; Arlette Khoury, El-Khoury's sister; and El-Khoury himself all credibly corroborate El-Khoury's residence at this address during this time. The Court also finds the water bills addressed to El-Khoury at the 4th Street address to be strongly corroborative of his residence. (Def's Ex. G, E, F.)

The evidence further indicates that El-Khoury moved from the 4th Street address to 8912 Camden Street, Alexandria, Virginia 22308 ("Camden Street address") in 1992. While the Court accepts the Plaintiff's expert testimony that suggests that the signature that appears as the "owner" on the March 15, 1992, lease is likely a simulation, the Court rejects the Plaintiff's conclusion that the document was necessarily a recent forgery.[1]

*Legal Analysis*

The determinative issue before the Court is whether constructive service of process to the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329 is valid when, despite the Plaintiff's affirmation of the Defendant's non-residency, the Defendant later establishes that he resided in Virginia throughout the pendency of the action.

Va. Code § 8.01-329(B) requires that parties seeking constructive service either affirm the non-residency of the party to be served or their inability to locate the party to be served after exercising due diligence. In either case, the party seeking constructive service must additionally affirm the last known address of the party to be served. If the party to be served is a resident, then the party seeking service must additionally state that process has been delivered to a sheriff or disinterested person under § 8.01-293, and, if the sheriff or disinterested person was unable to execute service, then the party seeking service must have made a *bona fide* attempt to determine the actual location of the person to be served.

Following the well-established rule of the Virginia Supreme Court, this Court must strictly interpret the statutory requirements governing constructive service: "[w]here a defendant has received personal service of process, irregularity will not defeat the court's jurisdiction, but if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void." *Khatchi v. Landmark Rest. Assoc.*, 237 Va. 139, 142, 375 S.E.2d 743, 745 (1989) (citations omitted). Indeed, even a seemingly cosmetic defect in the required accompanying affidavit may defeat a court's jurisdiction. *See, e.g., O'Connell v. Bean*, 263 Va. 176, 556 S.E.2d 741 (2002) (attorney's failure to check a box on a preprinted affidavit form incorporating into the affidavit the last known address as shown in the caption amounted to a material failure to comply with the terms of Va. Code § 8.01-329).

---

[1] Ms. Miller credibly testified that her mother, the Aowner≅ named on the lease, was ill at the time the lease was signed, and that Ms. Miller occasionally signed her mother=s name to documents during this time. Ms. Miller testified that she might have signed her mother=s name on this lease.

This Court finds that El-Khoury has demonstrated by a preponderance of the evidence that he was a resident of the Commonwealth at the time that Fadel filed his 1992 Motion for Judgment. In light of the strict statutory requirements for constructive service, the Court rejects Fadel's argument that simply affirming El-Khoury's non-residency "to the best of his attorney's knowledge and belief" comports with the requirements of Va. Code § 8.01-329(B). (Pl.'s Opp'n to J. Debtor's Mot. to Set Aside Pre-Existing Valid J., p. 10.) Service was improper because Fadel affirmed that El-Khoury was a non-resident when the evidence clearly proves that El-Khoury was a resident of the Commonwealth.

Resolution of this first issue alone invalidates service on El-Khoury. Even assuming, however, that the Plaintiff had properly affirmed El-Khoury's non-residency, constructive service of process to the Secretary of the Commonwealth pursuant to Va. Code § 8.01-329 would still fail in this case because the Plaintiff's required accompanying affidavit indicates an incorrect "last known address."

When evaluating whether a party has properly affirmed the "last known address" of the party to be served, both Virginia's courts and the Fourth Circuit use the *Mullane* standard of whether notice was "reasonably calculated to reach interested parties." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The Fourth Circuit further refines the *Mullane* test, specifically addressing the long-arm statute's "last known address" requirement, noting that parties satisfy this requirement when "process is sent to the address at which the parties regularly corresponded by mail, and the party serving process reasonably could expect that process would reach the defendant at that address." *Virginia Lime Co. v. Craigsville Distrib. Co.*, 670 F.2d 1366 (4th Cir. 1982) (citations omitted).

More recently, using a similar *Mullane* analysis, Judge Klein of the Fairfax Circuit Court quashed constructive service of process when a party seeking constructive service could not have expected mail to be actually received by the party to be served at the address listed on the affidavit. *See Cordova v. Alper*, 64 Va. Cir. 87 (2004). In *Cordova*, the party seeking constructive service affirmed a last known address that was five years old and obsolete, and the court noted that this party could have reasonably gathered information that confirmed that the address was no longer in use. This Court adopts the test that Judge Klein enunciated in *Cordova*: the "last known address" required by Va. Code § 8.01-329(B) is the "address at which a person would reasonably expect the addressee to actually receive mail, *based upon all information then known or reasonably available to the addressor*." *See id.* at 117 (emphasis added).

The address that Fadel affirmed to the Secretary of the Commonwealth as the "last known address" was even less likely to actually reach El-Khoury than the address in *Cordova*. By the time Fadel affirmed the Carlyle House address to the Secretary of the Commonwealth on October 21, 1992, at least two letters had been returned to Fadel's counsel from that address as either unclaimed or with the explicit notation "moved, left no address." Fadel, despite knowing El-Khoury's business relationship with Ms. Sigmund, never called Ms. Sigmund at her listed phone number to confirm El-Khoury's correct address. By his own admission, Fadel never called T. J. Cinnamon's corporate office to confirm El-Khoury's correct address. Instead, not knowing with certainty where El-Khoury resided, Fadel simply listed an address that he knew to be incorrect, even after successfully sending a demand letter to El-Khoury at the 4th Street address. This haphazard "affirmation" of an incorrect address neither comports with due process nor supports the granting of judgment by default.

## *Conclusion*

Accordingly, the Court finds that service of process on the Secretary of the Commonwealth was invalid and therefore the Court lacked *in personam* jurisdiction over El-Khoury when it entered the December 11, 1992, default judgment. This Court, pursuant to Va. Code § 8.01-428(A), sets aside as void both that default judgment and all subsequent post-judgment collection efforts and orders that this case proceed forward to trial on the merits.