# CIRCUIT COURT OF ROCKINGHAM COUNTY

Pallet Recycling, L.L.C.

v.

Roland Case

January 12, 2006

Case No. (Law) 2005-000096-00

BY JUDGE JONATHAN C. THACHER

This case came before the Court on Defendant's Motion to Set Aside Order of May 12, 2005, which entered a default judgment for plaintiff in the amount $1,583,146.00 plus 8% interest *per annum*, from December 29, 2004, plus attorney's fees of $29,700. The Motion to Set Aside Order of May 12, 2005, was simultaneously filed with Defendant's Motion for Leave to File Responsive Pleading to Motion for Judgment on May 31, 2005. The original Motion for Judgment was filed March 4, 2005. A hearing was held on these matters October 24, 2005.

The Defendant alleges four grounds for setting aside the default judgment as void under Va. Code § 8.01-428: (1) the Motion for Judgment was not legally served on Defendant; (2) Plaintiff never filed a Motion for Default Judgment pursuant to Rule 3:17 of the Rules of the Supreme Court of

Virginia; (3) the Notice of Intent to seek Default Judgment was not legally served on the Defendant; and, (4) the Plaintiff's damages set forth in the Motion for Judgment constitute a fraud on the court. In addition, or in the alternative, the Defendant requests leave to file a late response. No suspending order was filed within twenty-one days (which passed on June 3, 2005), and no appeal was taken within thirty days.

*Background*

Plaintiff Pallet Recycling, L.L.C. (Pallet) is a Virginia company having a principal place of business in Strasburg, Virginia. Defendant Roland Case is a citizen of Maryland and President of Kobie, Inc. (Kobie), a Maryland corporation licensed to transact business in Virginia. The contract at issue in this case was executed in Harrisonburg, Virginia, on March 26, 2004, between Kobie and Pallet. Subsequent to the execution, Kobie filed for bankruptcy and Pallet has sought relief from Case.

The contract was titled "Commercial Lease Agreement with Purchase Option ("Agreement"). Case, personally, was the guarantor of Kobie's obligations. The Agreement called for a ten year lease to begin April 1, 2004, with a base rent of $10,272 per month, along with other obligations. At the end of the term of the lease, an option to buy the property for a nominal sum of $10 was included. In September 2004, Case ceased making payments to Pallet for the rent. On December 29, 2004, Pallet sent a formal Notice of Default to Kobie and Case.

On or about January 14, 2005, counsel for Pallet called Case, asking for his address. Case contends that he gave two addresses: one in Lothian, Maryland, which was a Post Office Box, and another address at 6701A Chew Road, Upper Marlboro, Maryland 20774 ("the Upper Marlboro address"). However, Case admonished Pallet's counsel that, while the Upper Marlboro address was his physical address, he should not mail anything to that address because the post office box at that address was located away from the building, at the curb, and was not secure and that, if he wanted to mail anything, he should use the Lothian, Maryland, address. It should be noted that plaintiff's counsel denies having this conversation with Case. Counsel for Pallet eventually served the Motion for Judgment in this case via constructive service through the Secretary of the Commonwealth, providing the Upper Marlboro address as the last-known address for Case. Service was made on the Secretary on March 7, 2005, and the Notice of Motion for Judgment and Motion for Judgment were forwarded by the Secretary by certified mail to the

Upper Marlboro address on March 16, 2005. On April 20, 2005, Pallet sent a praecipe to Case by mail to the Upper Marlboro address setting a hearing on May 2, 2005, for the entry of a default judgment against him. On May 6, 2005, Pallet's counsel submitted a letter to the Court responding to a request for guidance on the issue of attorney's fees; a copy of the letter and a proposed Order were mailed by Pallet's counsel to the Upper Marlboro address. On May 12, 2005, the Court entered an Order granting default judgment against Case, awarding judgment of $1,583,146 plus $29,700 in attorney's fees. Case states that, only on May 16, 2005, did he first find out that a default judgment was entered against him, when he checked the mailbox at the Upper Marlboro address while moving out and found the May 6, 2005, letter and proposed order. Although Case claims that he never received the Notice and Motion for Judgment and also claims that he never received the April 20 praecipe prior to the hearing, it is apparent now that both were delivered and eventually received by Case at the Upper Marlboro address.

*Discussion*

## I. *Service of Process;*
*"Last Known Post-Office Address"*

The defendant was served as a non-resident by constructive service through the Secretary of the Commonwealth under Va. Code § 8.01-329. That statute provides, in pertinent part:

> Such service shall be sufficient upon the person to be served, provided that notice of such service, a copy of the process or notice, and a copy of the affidavit are forthwith mailed by certified mail, return receipt requested, by the Secretary to the person or persons to be served at the last known post-office address of such person, and a certificate of compliance herewith by the Secretary or someone designated by him for that purpose and having knowledge of such compliance, shall be forthwith filed with the papers in the action. Service of process or notice on the Secretary shall be effective on the date the certificate of compliance is filed with the court in which the action is pending.

Case claims that Plaintiff's affidavit to the Secretary of the Commonwealth did not list the correct "last known post-office address," as required by the

statute, because the Motion for Judgment was sent to the Upper Marlboro address. Therefore, Case argues that the default judgment entered against him is void because it was never legally served, since Pallet's counsel gave the Secretary the Upper Marlboro address despite knowing that it was "not reliable or used by Mr. Case." Memo. in Support of Motion to Set Aside Order, at 11.

· The Supreme Court of Virginia has held that, if a statute provides for constructive service, the terms of the statute authorizing it must be strictly followed or the service will be invalid and any default judgment based upon it will be void. *O'Connell v. Bean*, 263 Va. 176, 179, 556 S.E.2d 741 (2002). The only requirement questioned here is the last known address provision, as the other requirements of the statute have been complied with; service was made on the Secretary on March 7, 2005, the Secretary forwarded the papers to the Upper Marlboro address by certified mail on March 16, 2005, and the Affidavit along with the Secretary's Certificate of Compliance were filed in the Court on March 18, 2005. If the requirements of Va. Code § 8.01-329 are met, service is "complete and conclusive." *Basile v. American Filter Service, Inc.*, 231 Va. 34, 38, 340 S.E.2d 800 (1986). Thus, if the Upper Marlboro address is the "last known post-office address" of the defendant in this cause, service was validly obtained on March 18, 2005.

Accordingly, interpretation of the phrase "last known post-office address" is necessary. The Supreme Court of Virginia has not yet interpreted the phrase, but opinions from other courts are instructive. The leading Virginia opinion on this issue appears to be Fairfax County Circuit Court Judge Stanley P. Klein's opinion in *Cordova v. Alper*, 64 Va. Cir. 87 (2004). In *Cordova*, the Court set aside a default judgment for improper service of process, which was attempted via constructive service through the Secretary of the Commonwealth. In interpreting the phrase "last known post-office address," the Court looked to constitutional due process principles, U.S. Supreme Court cases, and the existing Virginia case law on constructive service of process. After an exhaustive analysis of the issue, the Court interpreted the phrase "last known post-office address," as set out in Va. Code § 8.01-329, to mean "the address at which a person would reasonably expect the addressee to actually receive mail, based upon all information then known or reasonably available to the addressor." *Cordova*, 64 Va. Cir. at 117-18. Under this interpretation, the Court quashed service of process and set aside the default judgment. *Id.* at 120. The Court explained that the address given to the Secretary for service of process did not satisfy the above test because the defendant had not received mail there for a number of years and had in fact withdrawn from the laboratory

– the sole basis for using that particular address was the listing of defendant as Laboratory Director from five year old reports – and that reasonably available information would have confirmed that the address was bad, had plaintiff's counsel bothered to investigate. *Id.* at 118. The Court concluded that "the means employed to give [the defendant] notice . . . of a two million dollar claim against him was intended merely to satisfy a perceived minimum threshold to effect service of process through the Secretary of the Commonwealth and was utterly lacking any true intent to inform [the defendant] of the ongoing proceedings against him." *Id.* at 120. Accordingly, the Court found that neither plaintiff nor his counsel, with all of the information then known or reasonably available to them, could reasonably have expected mail to be received by the defendant, and the affidavit submitted by plaintiff's counsel "failed to comport with the due process requirement [the court] has found to be an inherent part of Va. Code § 8.01-329." *Id.*

The issue regarding the last known post-office address in *Cordova* is just about the same as in the instant case, but there are important factual differences. First, unlike in *Cordova*, the Upper Marlboro address given to the Secretary was (before Case moved out) his actual address, and he did eventually receive both the Motion for Judgment and the April 20 praecipe there. Second, counsel for Pallet did not rely on old documents to ascertain Case's address; rather, Case provided it himself. Third, while the plaintiff in *Cordova* had never sent anything to the address given and, indeed, did not even know nor try to find out if the defendant occupied that address, counsel for Pallet knew that Case occupied the Upper Marlboro address, and had sent five letters to that address which were received by Case. It should also be noted that Case was aware that proceedings, on some level, against him were going forward due to the other mailings he received which he acknowledges. (The mailings were delivered to numerous locations.)

Thus, unlike in *Cordova*, plaintiff's counsel did far more than make a cursory, almost non-existent effort to locate Case's last known post-office address. This Court, after lengthy consideration, finds that the service in this case comports with constitutional due process principles and Virginia case law and that the Upper Marlboro address was sufficient as Case's last known post-office address. Assuming that the alleged January 14, 2005, conversation between Pallet's counsel and Case took place as Case contends, which this Court assumes for purposes of this opinion, this may seem an unfair result. As this motion to set aside default judgment is a legal argument under Va. Code § 8.01-428, this Court is limited to its power under the law to provide a legal

130

remedy. This Court does not reach the issue of whether there are any equitable remedies available to defendant. However, when placed in the context of all of the other information available to plaintiff's counsel, it cannot be said that counsel for Pallet could not reasonably have expected mail to be received by Case at the Upper Marlboro address, given all the information that was available at the time. Case's lack of diligence in checking his mail does not render the Upper Marlboro address incorrect for purposes of constructive service under Va. Code § 8.01-329. The affidavit listing the Upper Marlboro address as Case's last known post-office address is valid. All of the requirements of the statute authorizing constructive service have been met. Accordingly, this Court finds that the Motion for Judgment in this case was validly served via constructive service through the Secretary of the Commonwealth under Va. Code § 8.01-329 on March 18, 2005, the day that the certificate of compliance was filed with the Court. Therefore, the default judgment in this case cannot be set aside as void for invalid service of process.

## II. *Plaintiff Never Filed a Motion for Default Judgment*

Case's second ground for setting aside the default judgment as void is his contention that the plaintiff never filed a Motion for Default Judgment as required by Rule 3:17 of the Rules of the Supreme Court of Virginia. However, the Plaintiff's motion for default was made by praecipe on April 20, 2005, and a copy was sent to the Defendant's address (although he claims he did not receive it until later because of the mailing issue). Therefore, this ground for setting aside the judgment lacks merit and is rejected.

## III. *Notice of Intent to Seek Default Judgment Was Not Legally Served on Defendant*

Next, Case argues that the judgment is void because the Notice of Intent to Seek Default Judgment was not legally served on him. However, Rule 3:17, which Case relies on in the preceding ground for setting aside the judgment, also states that once a defendant has failed to plead to a motion for judgment in the proper time and is in default, he waives "trial by jury and all objections to the admissibility of evidence. *He is not entitled to notice of any further proceedings in the case* . . . except that written notice of any further proceedings shall be given to counsel of record, if any." Rules of Virginia Supreme Court 3:17 (emphasis added). There was no counsel of record for Case at the time the April 20th praecipe was filed. Plaintiff was not required to

send any notice to Case regarding the intent to seek default judgment under Rule 3:17. Therefore, this ground for setting aside the judgment also lacks merit and is rejected.

### IV. Claim for Damages in Motion for Judgment Constitutes Fraud on the Court

Finally, Case argues that the judgment should be set aside because the damages set forth in the Motion for Judgment constitutes a fraud on the court. It is true that a default judgment may be set aside due to a fraud on the court. Va. Code § 8.01-428(A). However, there is a distinction in Virginia law between intrinsic and extrinsic fraud. The Supreme Court of Virginia has recently stated:

> In *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983), we stated that, "the judgment of a court, procured by *intrinsic fraud, i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final; the judgment of a court, procured by *extrinsic fraud, i.e.* by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time."

*State Farm Mut. Auto. Ins. v. Remley*, 270 Va. 209, 218, 618 S.E.2d 316 (2005) (emphasis added, citations omitted).

To establish fraud, the party alleging it has the burden of proving (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled, and must be proved by clear and convincing evidence. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193 (1984). Fraud falls into one of two categories, intrinsic or extrinsic. Intrinsic fraud "includes perjury, use of forged documents, or other means of obscuring facts presented before the court and whose truth or falsity as to the issues being litigated are passed upon by the trier of fact." *Peet v. Peet*, 16 Va. App. 323, 326-27, 429 S.E.2d 487 (1993). Intrinsic fraud renders a judgment voidable only; it may be assailed only on direct appeal and not by collateral attack. *Id.* In cases involving only intrinsic fraud, "the parties have the opportunity at trial through cross-examination and impeachment to ferret

132

out and expose false information presented to the trier of fact." *Id.* at 327. However, extrinsic fraud occurs outside the judicial process and "consists of conduct which prevents a fair submission of the controversy to the court." *Id.* Examples of extrinsic fraud include "keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat; or being regularly employed, corruptly sells out his client's interest." *McClung v. Folks*, 126 Va. 259, 270, 101 S.E. 345 (1919). Under these circumstances, "[a] collateral challenge to a judgment . . . is allowed because such fraud perverts the judicial processes and prevents the court or non-defrauding party from discovering the fraud through the regular adversarial process." *Peet*, 16 Va. App. at 327.

Here, Case asserts that the Plaintiff proffered incorrect and misleading evidence as to damages and did not discuss the fact that the Plaintiff reentered the premises and was or is using the premises for profitable use. It should be noted that Case was not present at the hearing, so he is without knowledge of what was presented at the hearing regarding damages. However, even assuming that the alleged fraud could be proved by clear and convincing evidence, the fraud would be intrinsic and so not enough to render the default judgment *void*, but only *voidable* until final judgment was entered. If Case had appeared, he could have proffered his evidence and questioned the fraudulent nature of the plaintiff's evidence. Because the allegation of fraud comes on a motion to set aside a default judgment, the merits of Case's fraud argument are irrelevant to the issue at hand, except for the nature (intrinsic vs. extrinsic) of the alleged fraud itself. Here, the alleged fraud is intrinsic and gives insufficient grounds for setting aside the default judgment against Case under Va. Code § 8.01-428, which allows setting aside a *void* judgment, but not a *voidable* judgment.

## Conclusion

Virginia courts "attach a high degree of finality to judgments, whether obtained by fault or otherwise." *McEwen Lumber Co. v. Lipscomb Bros. Lumber Co.*, 234 Va. 243, 247, 360 S.E.2d 845 (1987). Further, the Supreme Court of Virginia has "consistently construed Code § 8.01-428 and its predecessors, which create exceptions to the finality of judgments, narrowly." *Id.* at 248.

After consideration and review of the Defendant's Motion to Set Aside Order, the Opposition to Motion, the entered Order, and the arguments of

counsel and the relevant law, this Court concludes that the Motion for Judgment was properly served under Va. Code § 8.01-329. Further, the Motion for Default Judgment was properly filed by praecipe on April 20, 2005. Also, Case's argument that the judgment is void because he was never served with Notice of Intent to seek Default Judgment is without merit, since a separate notice of intent is not required. Finally, the Defendant's claim of fraud is insufficient to set aside the judgment; fraud, if any occurred, was intrinsic and does not render the judgment void, but only voidable and not subject to collateral attack such as a Motion to Set Aside Default Judgment. Accordingly, the Motion to Set Aside Order of May 12, 2005, is denied. The Motion for Leave to File Responsive Pleading to Motion for Judgment is also denied.

### Order

This matter came to be heard on the Defendants' Motion to Set Aside Order of May 12, 2005, and Motion for Leave to File Responsive Pleading to Motion for Judgment on October 24, 2005. The Court reaches its determination based upon a review of the pleadings and consideration of the arguments of counsel. It appearing to the Court for the reasons set forth in the letter opinion dated January 12, 2006, and incorporated herein, that the Defendants' Motion to Set Aside Order of May 12, 2005, and Motion for Leave to File Responsive Pleading to Motion for Judgment should be denied, it is, therefore, adjudged, ordered, and decreed that the Defendants' Motion to Set Aside Order of May 12, 2005, is hereby denied, and Motion for Leave to File Responsive Pleading to Motion for Judgment is hereby denied.