# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Kristen Cassen

v.

Richard Slater,
d/b/a Firelake
Festival, L.C.C.

July 8, 2008

Case No. CL07-1563

BY JUDGE BRUCE H. KUSHNER

This matter is before the Court on Defendant's Motion to set aside a default judgment that was entered on October 17, 2006. The Court took evidence and heard arguments in this matter on April 23, 2008, and June 2, 2008. Additionally, both sides submitted memoranda of law to the Court.

Defendant argues that the default judgment should be set aside under Virginia Code § 428(A) based on subsection (i) (fraud on the court) alleging misrepresentation of the non-corporate identity of the Defendant, as well as failure to strictly comply with the statutory requirements in Virginia Code § 8.01-329, and subsection (ii) (void judgments) for defective service, along with a lack of personal jurisdiction. The Plaintiff counters that the Defendant has not met his burden of proving fraud by clear and convincing evidence, service was not defective under § 8.01-329, and the Court does have the power to assert personal jurisdiction over the Defendant under Virginia Code § 8.01-328.1.

*Factual and Procedural Background of the Case*

In the Complaint, Plaintiff alleged Defendant was a major investor in the Fire Lake Festival and she reached several agreements with him relating to her work for the festival in South Carolina. Plaintiff alleged monetary damages in the amount of $60,132.50 for which she requested the court award her a judgment against the Defendant.

When Plaintiff initially filed the Complaint, she attached Requests for Admissions, Interrogatories, and Requests for Production of Documents and requested the attachments to be served along with the Complaint. Plaintiff requested service on the Secretary of the Commonwealth and submitted the appropriate affidavit indicating a last known address of 1740 W. Big Beaver Road, Suite 110, Troy, Michigan 48084. The Secretary of the Commonwealth returned the affidavit indicating compliance with the statute by forwarding a copy of the Complaint and attachments to Defendant on July 12, 2007, at the Big Beaver Road address.

On August 22, 2007, Plaintiff filed a Motion for Default and/or Summary Judgment along with a Notice for an October 3, 2007, hearing. Both documents contained a Certificate of Mailing that Plaintiff's attorney mailed copies to Defendant at both the Big Beaver Road address and to a post office box in Troy. Those mailings were returned to sender unopened. I opened the envelopes at the April 23, 2007, hearing in the presence of the parties and counsel. The envelope addressed to the post office box was admitted as Plaintiff's exhibit 4 and the envelope addressed to Big Beaver Road was admitted as Plaintiff's Exhibit 5. Plaintiff appeared on October 3, 2007, and Judge Forehand entered a Default Judgment Order on October 17, 2007, in the amount of $57,059.98 (damages less the amount remaining in Plaintiff's operating account) finding that, under the allegations in Plaintiff's Motion, Defendant was in default.

On January 23, 2008, Defendant filed a Motion to Set Aside Default Judgment based on Virginia Code § 8.01-428. On February 28, 2008, Defendant filed an Amended Motion to Set Aside Default Judgment. Virginia Code § 8.01-428 allows for a defendant to petition the Court to set aside a default judgment on four grounds: (1) fraud on the court; (2) void judgment; (3) accord and satisfaction; and/or (4) the defendant was a service member. Defendant brings his motion under the first two grounds arguing (1) the Plaintiff committed fraud on the Court by suing Richard Slater rather than Fire Lake Festival, L.L.C.; (2) the judgment is void because of defective service of process under Virginia Code § 8.01-329; and (3) the judgment is void for lack of personal jurisdiction under Virginia Code § 8.01-328.01.

## Fraud on the Court

Defendant alleges Plaintiff committed fraud upon the Court when she stated in her Complaint and argument that she reached agreements with "Richard Slater, d/b/a Fire Lake Festival, L.L.C.," a fictional entity. He further alleges Plaintiff contracted with Fire Lake Festival, L.L.C., incorporated in South Carolina, prior to Slater's involvement in the company. As a result, Defendant argues, Plaintiff, knowing that Slater was not the proper party defendant, by bringing suit against him, perpetrated a fraud on the court.

Plaintiff, having received some correspondence with no indication that the festival was a limited liability company, testified to her understanding that "Fire Lake Festival, L.L.C.," was essentially a fictional entity and she was dealing with the legal person of "Richard Slater." In her testimony, she pointed to her interactions with Defendant, who told her to directly report to and take direction from only him. In addition, she received wire transfers for salary payments that were authorized by Slater personally and not as a corporate officer. As a result, she argues that the Defendant's allegations are factual in nature, which should have been raised by Mr. Slater in response to the process that he actually received, and not the result of her perpetrating extrinsic fraud on the court.

The judgment granted October 3, 2007, is final. The Supreme Court of Virginia held that a final judgment is void and only subject to direct or collateral attack if the judgment is predicated on extrinsic fraud. *Jones v. Willard*, 224 Va. 602, 607, 299 S.E.2d 504, 508 (1983). Extrinsic fraud is "conduct which prevents a fair submission of the controversy to the court" *Id.* Specifically, "a controlling factor [in determining if extrinsic fraud has been perpetrated] is 'whether the misconduct tampers with the judicial machinery and subverts the integrity of the court itself'." *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 142, 413 S.E.2d 630, 638 (1992). In *State Farm Mutual Auto. Ins. Co. v. Remley*, 270 Va, 209, 618 S.E.2d 316 (2005), the court found that the actions of the Plaintiff's attorney did not rise to the level of extrinsic fraud because it "did not hinder, affect, or impair the ability of [the Defendants] to respond timely." *Id.* at 218, 618 S.E.2d at 320.

As a result, in order for Defendant to succeed with his argument that Plaintiff committed extrinsic fraud on the court, there must be clear and convincing evidence that Plaintiff's action naming "Richard Slater, d/b/a Fire Lake Festival, L.L.C.," as the defendant hindered the ability of Defendant from filing responsive pleadings and protecting his rights. Defendant has not offered clear and convincing evidence that Plaintiff's actions in any way

prohibited or impeded his ability to appear before the court to defend himself against her claims. Defendant offered no explanation to the court, other than his receipt of legal advice and his personal view that he was not liable, regarding his failure to make an appearance to contest the Complaint. That evidence does not implicate the Plaintiff in a scheme to hinder, affect, or impair his ability to respond timely.

*Void Judgment: Invalid Service of Process*

Virginia Code § 8.01-329(B) allows a plaintiff to serve an out-of-state defendant by filing with the court a copy of the complaint along with an affidavit that (1) the defendant is out of state and (2) giving the last known address for the defendant. After receipt by the Secretary, the service is forwarded to the defendant's last known address.

The record indicates that Plaintiff's attorney filed an affidavit pursuant to the Code and listed Defendant's address as "Richard Slater, Slater Management, 1170 W. Big Beaver Road, Suite 110, Troy, MI 48084." Defendant testified that the Big Beaver Road address is a previous business address and he received a courtesy copy of the Complaint sent by Plaintiff and the service copy sent by the Secretary of the Commonwealth.

Defendant argues, however, despite his actual receipt of service, Plaintiff did not strictly follow Virginia Code § 8.01-329(B) because the affidavit did not contain the most current and best address for Mr. Slater. Therefore, service is ineffective. In support of his allegations, Defendant introduced into evidence as Defendant's Exhibit 1 an internet search return indicating that his present home and business addresses are widely and easily available on the internet to Plaintiff.

The Supreme Court of Virginia considered setting aside a judgment for insufficient service in *Bean v. O'Connell*, 263 Va. 176, 556 S.E.2d 741 (2002). In *Bean*, the Court set aside a default judgment where service was obtained through the Secretary of the Commonwealth because the Plaintiff had failed to provide any address for the Defendant. *Id.* at 179, 556 S.E.2d at 742. Because Plaintiff did not strictly comply with the statute by providing a last known address, the judgment was void and should be set aside. *Id.* The facts in *Bean* are distinguishable from the facts before the Court today. While no address was provided in *Bean*, the Plaintiff provided an address in this case for the affidavit, and Defendant actually received service at the address provided.

Therefore, the issue before the Court is whether or not using the Big Beaver Road address satisfies the "last known post-office address" criterion in the statute. The Supreme Court of Virginia has not construed this statutory

term, nor is there clarification in the Code. *See, e.g., Pallet Recycling, L.L.C. v. Case*, 70 Va. Cir. 125 (Rockingham Co. 2006). Furthermore, while not binding precedent on this Court, the logic and reasoning found in another jurisdiction's circuit court opinion may be informative. The circuit court in *Pallet Recycling* looked to *Cordova v. Alper*, 64 Va. Cir. 87 (Fairfax Co. 2004), and determined "the phrase 'last known post-office address,' as set out in Va. Code § 8.01-329, to mean 'the address at which a person would reasonably expect the addressee to actually receive mail, based upon all the information then known or reasonably available to the addressor'." *Pallett Recycling, L.L.C.*, 70 Va. Cir. at 128.

In order to determine if the address as used comports with the requirements of the statute, the question presented is whether or not it is a reasonable address for the Defendant. Plaintiff, the addressor, testified that she used the most recent address she had for the Defendant based on the information available to her. While an internet search may be available, there is no assurance that information so procured is reliable. In the case at bar, the most telling factor as to the validity of Defendant's address was the uncontroverted fact that he received the summons from the Secretary of the Commonwealth.

### Void Judgment: Lack of Personal Jurisdiction

Finally, Defendant alleges that, at the time the default judgment was entered, the trial court lacked personal jurisdiction over him because there was not a sufficient basis as alleged in the pleadings under Virginia's Long Arm Statute contained at Virginia Code § 8.01-328.1. In response, Plaintiff points to the allegations contained in the Complaint, Requests for Admissions, and Motion for Default Judgment and/or Summary Judgment as a basis for personal jurisdiction over Defendant pursuant to the Long Arm Statute.

In *Glumina Bank d.d. v. D. C. Diamond Corp.*, 259 Va. 312, 527 S.E.2d 775 (2000), the Supreme Court of Virginia reiterated that "any money judgment rendered without personal jurisdiction over the defendant is void." *Id.* at 316, 527 S.E.2d at 777. In cases, however, where the questioned judgment is rendered by default; the factual allegations contained in the pleadings are deemed true by the operation of the court's rules of procedure. *See id.* at 317, 527 S.E.2d at 777. Therefore, when determining if the trial court had personal jurisdiction over the defendant at the time of the questioned judgment, the court uses those factual allegations deemed true by default *Id.*

Virginia Code § 8.01-328.1 allows a court to exercise personal jurisdiction over a person regarding a cause of action that arises from that person's actions within the Commonwealth in certain enumerated situations.

Subsections (A)(1) and (A)(2) are applicable to this case: "(1) Transacting any business in this Commonwealth [and] (2) Contracting to supply services or things in this Commonwealth."

The Complaint alleged that Slater, a resident of Michigan, as the major investor, reached several agreements with Plaintiff regarding business she was to conduct on his behalf within the Commonwealth. Complaint at ¶¶ 2 & 3. Additionally, the Motion for Default Judgment and/or Summary Judgment[1] asked the trial court to deem her Requests for Admissions, which Defendant received along with the Complaint, admitted. The Court did so finding that the "Defendant is in default as alleged in Plaintiff's 'Motion for Default and/or Summary Judgment' " and incorporating those admissions into the findings of the Court. Those deemed admissions further bolster Plaintiff's case and provide a stronger basis for the court's exercise of long arm jurisdiction. In addition, Plaintiff testified that her services were engaged for the purpose of negotiating and hiring musical acts for the festival from her home in Chesapeake, Virginia, as well as securing advertising and promotion for said festival while operating from the Chesapeake location.

## Conclusion

After carefully considering the arguments and supportive law submitted by both parties, the Court agrees with the Plaintiff's argument and denies the Defendant's Motion to Set Aside the Default Judgment. There is not clear and convincing evidence of an extrinsic fraud on the court nor evidence that the Plaintiff failed to comply with the statutory requirements of service of process by the Secretary of the Commonwealth. Finally, after considering the case law, applicable statute, and constitutional requirements, there is a sufficient basis to uphold the trial court's assertion of personal jurisdiction.

---

[1] Plaintiff mailed Defendant courtesy copies of the Motion to two of the Defendant's addresses. As noted above, both envelopes were returned to the Plaintiff unopened.