## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Robic

v.

Nicola of London, Inc., et al.

January 23, 2009

Case No. CL-2007-11976

BY JUDGE ROBERT J. SMITH

This matter comes before the Court on Defendant Kate Radovich's motion to quash service of process. The Plaintiff served Kate Forster, who is now known as Kate Radovich, by serving the Secretary of the Commonwealth of Virginia pursuant to Va. Code § 8.01-329. After considering the written and oral arguments of counsel and the relevant legal authority, the Court overrules Defendant Radovich's motion to quash.

*Background*

The Plaintiff, Mary Robic, received a glycolic peel from Defendant Kate Radovich (formerly known as Forster), a former employee of Nicola of London, Inc. Compl. ¶ 3-4. The peel allegedly damaged Robic, who then filed suit against Nicola of London, Inc., and Kate Forster for damages. *Id.* at 9-10. At all times relevant to the filing of the complaint and attempted service, Kate Radovich was known to the Plaintiff as Kate Forster. At some point after treating Ms. Robic, Forster changed her name to Radovich. See Pl.'s Mem.

In an attempt to serve Forster, the Plaintiff visited Nicola of London, Inc. This work address was the only place where Plaintiff had previous contact with the Defendant. Pl.'s Opp'n Mem. ¶ 5. An employee informed the

Plaintiff that Forster no longer worked for Nicola of London, Inc., and that she moved to New York. However, the employee did not know Forster's address in New York. *Id.*

The Plaintiff searched for Forster's current New York address by using the Internet. *Id.* at 6. Robic searched under the name of Kate Forster. This search resulted in several matches. The Plaintiff called the telephone numbers of these matches, spoke with several people, and left messages. She did not find Forster. *Id.*

Also, the Plaintiff searched for a license under the Kate Forster name in both the State of New York and the Commonwealth of Virginia because Forster performed body and skin care work at Nicola of London, Inc. *Id.* at 7. The searches were unsuccessful, with neither state having a record of a license under the name of Kate Forster. *Id.*

Finally, the Plaintiff consulted with Walter Blackwell of Independent Investigations, Inc. *Id.* at 8. However, the independent investigator was unable to locate a current address for Forster without a birth date or a social security number. *Id.*

As a result of the failure to locate Forster's current address, the Plaintiff served Forster via an Affidavit for Service of Process on the Secretary of the Commonwealth. Pl.'s Mem. at 1. In the affidavit, the Plaintiff swore that Kate Forster was not a resident of Virginia and instead resides in the State of New York. *Id.* at 2. Also, the Plaintiff swore that Forster's last known work[1] address was 6744 Old McLean Village Drive, McLean, Virginia 22101, the business location of Nicola of London, Inc. *Id.* at 4. The Plaintiff further asserted, after due diligence, that she was unable to locate the Defendant. *Id.* at 3.

Radovich received notice of the suit after her friends who worked at Nicola of London, Inc., contacted her. Def.'s Mem. in Supp. of Mot. to Quash Service of Process 4.

## Service of Process

Radovich argues that Robic did not exercise due diligence in attempting to locate her or to find a current address. Def's Mot. to Quash Service of Process ¶ 5-6. According to Radovich, if the Plaintiff had simply contacted her

---

[1] The Plaintiff hand-wrote "work" on the affidavit form provided by the Commonwealth. The affidavit therefore read, "whose last known 'work' address is," rather than the standard form language of "whose last known address is."

former workplace to determine the best way to contact her, or even searched via the Internet, the Plaintiff *might* have been able to locate her. Def's Mem. 4. Furthermore, Radovich argues that service is defective because one would not reasonably expect her to receive notice at her previous work address. She argues that she never received mail, nor does she currently receive mail, at the address of her former employer. *Id.*

Virginia allows a party to serve another by serving a statutory agent, the Secretary of the Commonwealth. Va. Code § 8.01-329. Under subsection B, a plaintiff may serve a nonresident defendant via the Secretary of the Commonwealth by filing the defendant's last known address in an affidavit with the court. Also, the plaintiff must affirm that either the defendant is a nonresident or that the plaintiff was unable to locate the defendant after exercising due diligence. *Id.*; *see also Fadel v. El-Khoury*, 65 Va. Cir. 201, 203 (Arlington Co. 2004). The due diligence standard is high, requiring a "painstaking" and "devoted" effort to accomplish the goal. *Lesner Pointe Assn. v. Harbour Point Bldg. Corp.*, 61 Va. Cir. 609, 625-26 (Virginia Beach 2002). The circumstances of the case determine the factual question of due diligence. *Id.*

Next, the Secretary of the Commonwealth must mail a copy of the affidavit to the defendant's last known post-office address. Va. Code § 8.01-329(C). The last known address is "the address at which a person would reasonably expect the addressee to actually receive mail, based upon all information then known or reasonably available to the addressor." *Cassen v. Slater*, Va. Cir. LEXIS 95, *9, 75 Va. Cir. 327 (Chesapeake 2008) (*quoting Pallett Recycling, L.L.C. v. Case*, 70 Va. Cir. 125, 128 (Rockingham Co. 2006)); *Fadel*, 65 Va. Cir. at 204; *Cordova v. Alper*, 64 Va. Cir. 87, 117-18 (Fairfax Co. 2004). Actually informing an interested party is the goal, and appropriate means must be selected to achieve that goal. *Cordova*, at 115 (*citing Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 315, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). A party cannot comply with Va. Code § 8.01-329(C) without due diligence. *Lesner Pointe*, 61 Va. Cir. at 626.

As persuasive authority, Radovich cites *Cassen* and *Fadel*. Def.'s Mem. 3-4. In *Cassen*, the plaintiff sought service via the Secretary of the Commonwealth and provided the defendant's last known address, a previous business address. *Cassen*, 2008 Va. Cir. at *7. The defendant challenged the default judgment, claiming defective service. *Id.* at *2-3. Even though the defendant actually received the service, he claimed that Va. Code § 8.01-329(B) required the current address and offered as evidence an Internet search result which purported to show the ease of determining the current address. *Id.* at *7. However, the court stated that there is no assurance that an available

Internet search would produce reliable results. *Id.* at *9. Furthermore, the fact that the defendant actually received the summons from the Secretary of the Commonwealth weighed heavily against him. *Id.* Therefore, service was held proper. *Id.* at *7, 12.

In *Fadel*, the plaintiff also attempted service via the Secretary of the Commonwealth. *Fadel*, 65 Va. Cir. at 202. He affirmed that the defendant was not a Virginia resident and provided the last known address. However, the plaintiff received returned mail marked "moved, left no address" from the address that he provided to the Secretary of the Commonwealth. *Id.* at 205. Also, the plaintiff did not contact the defendant's business partner or corporate offices for a current address. Therefore, the court held that the plaintiff failed to exercise due diligence. *Id.*

Similarly in *Cordova*, the last known address that the plaintiff provided to the Secretary of the Commonwealth, a lab address, was based solely on a five year old lab document that listed the address. *Cordova*, 64 Va. Cir. at 118. Other than the lab document, there was no additional information to support a good-faith belief that the two defendants would actually receive mail at the provided address. *Id.* at 120. The intended recipients had not received mail at the lab address for years. *Id.* at 118. An attorney whose office was near the address told the plaintiff that it appeared as if the same people ran the lab, but that it appeared that the lab was under new ownership. *Id.* at 119. However, the plaintiff failed to follow up on this information, and the court held that it was unreasonable for the plaintiff to expect the defendant to receive mail at the provided address. *Id.* at 120.

Specifically, the *Cordova* court noted that the plaintiff could have easily uncovered reasonably available information by phoning or visiting the lab. *Id.* at 118. The plaintiff offered evidence of a phone call to the lab that did not produce results, but offered no evidence that the caller asked questions about the defendant's whereabouts. The court found this phone call to be incredible because one defendant lived near the lab and his phone number was listed in the telephone directory. *Id.* Also, the second defendant received actual notice of the judgment from his attorneys. *Id.* at 118-19. Furthermore, the plaintiff's investigator found a potential prior residence of one of the defendants in less than a week, even though the plaintiff did not provide the investigator with a birth date or social security number. *Id.* at 119. The phone book listed the defendant's phone number for that address. Also, the Virginia State Corporation Commission recorded the defendants' business as a Delaware corporation, and the Office of the Secretary of State of Delaware listed that corporation's attorney as the incorporator. That attorney had one of the

defendant's correct addresses. *Id.* The court found that this information was easily accessible, and because the plaintiff did not exercise due diligence, the court quashed service of process. *Id.* at 119-20.

The *Lesner Pointe* court also addressed the due diligence requirement under Va. Code § 8.01-329(C). *Lesner Pointe,* 61 Va. Cir. at 626. In the multi-party dispute, defendant Gemini filed a cross-claim against Dryvit, mailed a copy to Dryvit's attorney, and attempted to serve Dryvit through the Secretary of the Commonwealth by mailing the Secretary a copy of the cross-claim and a check for the filing fee. *Id.* at 621, 626. After the cross-claimant (Gemini) received the canceled filing fee check from the Secretary, nothing more was done to perfect service. Gemini did not investigate until later, after there was no receipt of confirmation of service from the Secretary. *Id.* Finally, Gemini erroneously addressed the affidavit to the wrong circuit court. *Id.* at 626. According to the court, Gemini's efforts were far from painstaking and devoted and not enough under the due diligence requirement. *Id.* at 626.

The facts here are distinguishable from the above cases. First, the Plaintiff spoke with another employee of Nicola of London, Inc. The employee stated that Forster no longer worked for Nicola of London, Inc., and that she had moved to New York. However, the employee did not know Forster's exact address, city or town where she resided. Next, Robic unsuccessfully searched for Forster in New York via the Internet. Furthermore, the Plaintiff attempted to locate a work license in both the Commonwealth of Virginia and the State of New York under the Forster name. Pl.'s Mem. at 7. Finally, the Plaintiff consulted an independent investigation company, who was unable to locate Forster without a date of birth or a Social Security number.

The Supreme Court of the United States held that due process requires that "[t]he means [of notice] employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane,* 339 U.S. at 315. While the Supreme Court of Virginia has not had occasion to construe the phrase "last known post-office address of such person," our sister circuit courts have consistently held this phrase to mean "the address at which a person would reasonably expect the addressee to actually receive mail, *based upon all information then known or reasonably available to the addressor.*" (Emphasis added.)

In the instant case, Plaintiff's efforts appear to be in vain because, at some point, Kate Forster became Kate Radovich. Based upon all of the information then known and reasonably available to the Plaintiff and because of the Defendant's name change, the business address of Nicola of New London, Inc., was the address at which the addressor could most reasonably expect the addressee to actually receive the mail.

128

The Plaintiff might have been more successful in finding a personal address had she been informed of the new name. However, Plaintiff was unable to locate the Defendant's personal address after exercising due diligence. Robic, therefore, provided the Secretary of the Commonwealth with the business address of Nicola of New London, Inc.; the very same address where she had contact with the Defendant. Given the information available to the Plaintiff, nothing more could be expected.

## *Conclusion*

Plaintiff Robic used a last known address that she expected would reach the Defendant. This Court finds that Robic has satisfied the due diligence requirement to determine Radovich's location. In doing so, the Plaintiff properly served the Defendant under Va. Code § 8.01-329. Therefore, the motion to quash service of process is denied.