## CIRCUIT COURT OF THE CITY OF NORFOLK

D. W. Boyd Corp.

v.

William H. Coon

July 8, 2013

Case No. CL13-3763

By Judge Mary Jane Hall

The matter comes before the Court on appeal from a decision of the General District Court denying Defendant's motion to set aside a judgment that he claims is void based on the Court's lack of personal jurisdiction over him. For the reasons discussed herein, the motion is denied.

### Background

Defendant, William H. Coon, made no personal appearance at trial. His attorney proffered certain facts via affidavit, as discussed in greater detail herein, some of which were stipulated. Coon, a Michigan resident, describes himself as a "high performance engine enthusiast, hobbyist, and car racer." (Def's. Aff. ¶ 3.) Coon also makes custom engine parts for members of the public. *Id.* ¶¶ 4-7. Plaintiff, D. W. Boyd Corp. ("Boyd Corp."), is a Virginia corporation specializing in the sale and repair of industrial equipment. At some point prior to October 28, 2009, Dennis W. Boyd, Sr., president of Boyd Corp., read about Coon's expertise in a magazine and contacted him by phone to ask that he construct certain custom engine parts. Coon quoted a price for the custom construction and asked Boyd Corp. to send Coon a deposit in the amount of $1,200, which Boyd Corp. did on October 28, 2009. Boyd Corp. thereafter sent Coon two additional payments for the work that Coon had contracted to perform. Although Coon has never delivered the custom engine parts to Boyd Corp., he did have certain valves delivered from a Florida supplier to Boyd Corp., the price for which had been included in the amounts that Boyd Corp. paid to Coon.

Because Coon failed to deliver the custom engine parts, with the exception of the valves that came from a Florida supplier, Boyd Corp. brought suit and effected good service on Coon by serving the Secretary of the Commonwealth. Coon did not appear on the appointed trial date, and the General District Court entered a default judgment against Coon in the amount of $6,555. On November 27, 2012, Coon moved the General District Court to set aside the default judgment on the grounds that the judgment was void. The Court denied Coon's motion on March 25, 2013, and Coon made a timely appeal to this Court on April 1, 2013.

At trial on June 26, 2013, Coon's counsel argued that the default judgment entered against him was void for lack of personal jurisdiction. While Coon conceded that he had "[c]ontract[ed] to supply services or things in th[e] Commonwealth" within the meaning of Virginia's long-arm statute, *see* Va. Code § 8.01-328.1, counsel argued that his client's connection with Virginia was so slight that his Constitutional right to due process protected him from being sued in the Commonwealth. Counsel offered an affidavit to establish the jurisdictional facts regarding his client's lack of contact with Virginia. Boyd Corp. objected to the affidavit on hearsay grounds, although counsel ultimately stipulated to the facts recited in Paragraphs Five, Six, and the first sentence of Seven.

*Analysis*

A. *Basis for Setting Aside Default Judgment*

A default judgment may be set aside on one of three grounds: clear and convincing evidence of fraud on the court, proof of accord and satisfaction, or a showing that the default judgment is void. Va. Code § 8.01-428(A); *see State Farm Mut. Auto Ins. v. Remley*, 270 Va. 209, 215-16 (2005). When alleging either of the first two grounds, the defendant has the burden of proving his entitlement to the relief requested. *Pallett Recycling, L.L.C. v. Case*, 70 Va. Cir. 125, 131, *citing Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984) (fraud); *Farsedakis v. Exus Global, Inc.*, 68 Va. Cir. 261, 262-63 (2005), *citing Virginia-Carolina Elec. Works v. Cooper*, 192 Va. 78, 81 (1951) (accord and satisfaction). When a defendant contends that the default judgment is void for lack of personal jurisdiction, however, the Circuit Court of Fairfax County has noted that it is *the court's* duty to determine whether a "basis existed for [the relevant court] to exercise *in personam* jurisdiction over [the defendant] at the time [the plaintiff] obtained" its default judgment. *Direct Connect v. Medra Sys., L.L.C.*, 80 Va. Cir. 637, 646 (2010); *accord Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). Although the Supreme Court of Virginia has yet to address the issue, courts making this determination typically consider whether the plaintiff satisfied its burden of proving by a preponderance of the evidence

that the court issuing the default judgment had personal jurisdiction over the defendant. *See Analytical Research & Tech., Inc. v. Daninger*, 43 Va. Cir. 85, 86 (1997); *Cassen v. Slater*, 75 Va. Cir. 327, 331 (2008); *see also Azzure Denim, L.L.C. v. E & J Lawrence Corp.*, 69 Va. Cir. 485, 486 (2006) ("When a defendant challenges a trial court's exercise of personal jurisdiction, the plaintiff bears the burden of establishing grounds for such exercise. When a court's personal jurisdiction is properly challenged . . . the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." (internal citations omitted)).

### B. *Boyd Corp.'s Objection to the Admissibility of the Contested Portions of Coon's Affidavit*

The Supreme Court of Virginia has stated that a court's ruling on personal jurisdiction in the wake of a default judgment must be based on "the facts" of the case at hand, but it has not given an exhaustive list of the sources from which such facts may be drawn. *See Glumina Bank v. D.C. Diamond Corp.*, 259 Va. 312, 317 (2000). Case law suggests that a court may consider any facts that "affirmatively appear[] upon the record" of the underlying default judgment proceeding, *Schellinger v. Stearns*, 43 Va. Cir. 268, 271 (1997), as well as "those factual allegations deemed true by default." *Cassen v. Slater*, 75 Va. Cir. 327, 331 (2008). Conversely, those facts that would contradict any fact deemed true by operation of the default judgment may not be considered. *Landcraft Co. v. Kincaid*, 220 Va. 865, 874 (1980).

The requirements for evidence proffered after a default judgment has been entered are less certain. At least one court appears to have considered such evidence in making its decision on a motion to vacate, *Cassen*, 75 Va. Cir. at 332, and the Supreme Court of Virginia appears to have taken no stand on this issue, explicitly barring only post-default evidence that would contradict facts deemed true by reason of default. *See Landcraft Co.*, 220 Va. at 874; *see also Azzure Denim, L.L.C.*, 69 Va. Cir. at 486 ("If the existence of jurisdiction turns on disputed factual questions, the court may resolve the challenge on the basis of a separate evidentiary hearing or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question." (internal citations omitted)).

In the instant case, Coon seeks to use information contained in an affidavit to support his jurisdiction-related argument. Boyd Corp. takes no issue with Paragraphs Five, Six, and the first sentence of Seven of Coon's affidavit, but objects to the admissibility of the balance of the affidavit on hearsay grounds. Coon cited in response the decision in *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 761 F. Supp. 423 (E.D. Va. 1991), which states that "[i]t is appropriate to consider affidavits" in the resolution of a challenge to personal jurisdiction. The Federal Rules of

Civil Procedure, however, unlike the Rules of the Supreme Court of Virginia, expressly permit the consideration of affidavits. See F.R.C.P. 56(c)(4). Federal procedures do not apply in this case.

Virginia law provides that "unless subject to a hearsay exception, affidavits are generally not admissible as evidence." *Scott v. Rutherfoord*, 30 Va. App. 176, 189 (1999). "[M]ere affidavits, taken without authority, in the absence of the other party and without notice, have no weight as [direct] evidence, and ought not to be considered as testimony in the cause, unless the parties consent to the use, no timely objection is made, or the affidavit, as used in the case, falls within one of the statutory exceptions to this rule." *Ohlen v. Shively*, 16 Va. App. 419, 424 (1993) (internal citation and quotation marks omitted) (second alteration in original). The General Assembly has delineated the limited instances in which courts may consider affidavits to establish the facts recited therein. Those examples include, *inter alia*, Va. Code § 8.01-28 (judgment to be given in action upon a note or contract when supported by affidavit); Va. Code §§ 8.01-416 and 16.1-88.1 (affidavit regarding damage to motor vehicle); Va. Code § 8.01-404 (affidavit used as impeachment evidence for prior inconsistent statement); Va. Code § 8.01-654 (prima facie showing by affidavit entitles petitioner to hearing on writ); Va. Code § 16.1-263 (affidavit of natural mother that father is not reasonably ascertainable accepted as evidence); Va. Code § 37.1-134.5(G) (evidence presented at hearing for judicial authorization of treatment and detention may be submitted by affidavit in absence of objection); Va. Code § 56-124 (in an action pursuant to § 56-123, affidavit may be filed and accepted in evidence as if it was deposition testimony); Va. Code § 58.1-110 (Tax Commissioner's affidavit accepted as prima facie evidence of tax filing or payment). See *Ohlen v. Shively*, 16 Va. App. at 424, n. 3. Counsel has not cited a statute that permits consideration of affidavits in a challenge to personal jurisdiction.

Therefore, Coon has not established the admissibility of the contested portions of his affidavit, as required under Virginia law. *Doe v. Thomas*, 227 Va. 466, 472 (1984). The Court sustains Boyd Corp.'s hearsay objection and disregards the contested portions of Coon's affidavit.

## C. *Exercise of Personal Jurisdiction under the Long-Arm Statute Comports with Due Process*

Counsel stipulated that the Virginia long-arm statute permitted the exercise of jurisdiction over Coon, in that he had "contract[ed] to supply services or things in the Commonwealth." Va. Code § 8.01-328.1(A)(2). Defense counsel urges the Court to continue its inquiry, however, and to apply a two-part test that many federal courts have employed in analyzing personal jurisdiction over non-resident defendants. As one such court has explained, "This motion [to dismiss for lack of personal jurisdiction] requires resolution of two questions: (1) does the language of Virginia's

long-arm statute reach [Defendant's] conduct? and (2) does the statutory assertion of jurisdiction comport with the due process clause of the United States Constitution?" *Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp.*, 761 F. Supp. at 425. Defense counsel argues that the second inquiry under the two-part test requires an evaluation of "the quantity and quality of the contacts" and questions of "who benefited from the contacts, who initiated them and why, whether the contacts involved any person's physical presence in the state, and what further conduct in the forum state was contemplated by the parties." *Id.* at 426.

Defense counsel cites some of the facts that appear in Coon's affidavit, which the Court has not received into evidence, allegedly relevant to the above factors. The stipulated facts confirm that Boyd initiated contact with Coon and not vice-versa, that the contract did not require Coon's physical presence in Virginia, and that Coon received contract payments in Michigan.

The Court is not persuaded that it must apply a two-part test where counsel have stipulated the long-arm statute reaches Defendant's conduct. Counsel have not cited, and the Court has not located, any Virginia Supreme Court decision in which conduct that would properly subject a defendant to jurisdiction under the long-arm statute was determined insufficient to comport with Constitutional due process guarantees. Because the scope of the long-arm statute is coextensive with Constitutional due process, the Virginia Supreme Court typically does not bifurcate its analysis of the jurisdictional issue. *See, e.g., Peninsula Cruise, Inc. v. New River Yacht Sales, Inc.*, 257 Va. 315, 319 (1999) ("The purpose of Virginia's long arm statute is to assert jurisdiction over nonresidents who engage in some purposeful activity in this state to the extent permissible under the due process clause."); *Nan Ya Plastics Corp. v. DeSantis*, 237 Va. 255, 259-60 (1989); *I. T. Sales, Inc. v. Dry*, 222 Va. 6, 8-9 (1981); *John G. Kolbe, Inc. v. Chromodern Chair Co.*, 211 Va. 736, 740-41 (1971); *Danville Plywood Corp. v. Plain & Fancy Kitchens, Inc.*, 218 Va. 533, 534-35 (1977). Although the federal courts continue to analyze personal jurisdiction under a two-part inquiry, the Virginia Supreme Court precedent points overwhelmingly to the conclusion that, once the first part is satisfied, the second part is, by definition, satisfied as well, inevitably leading to the conclusion that the test actually only has one part. When a defendant's conduct falls into one of the ten categories under the long-arm statute, the exercise of personal jurisdiction over the defendant does not violate his due process rights.

If, however, the Court were required to look separately at the second part of the test described in the federal decisions cited by Defendant, the Court would conclude that the exercise of jurisdiction over Coon does satisfy Constitutional due process. He agreed to provide customized engine heads to Boyd Corp. in Virginia. He arranged for the delivery of certain valves from Florida to Virginia. He accepted payment for goods that he never provided. Those activities established "sufficient minimum contacts

within Virginia so that maintenance of th[e] action here does not offend traditional notions of fair play and substantial justice." *Glumina Bank v. D.C. Diamond Corp.*, 259 Va. 312, 318 (2000). This conclusion would not have changed if the entirety of Coon's affidavit had been stipulated or received into evidence over Boyd Corp.'s objection. The facts that the affidavit attempted to establish, that Coon does not do business in Virginia or advertise in Virginia, do not compel a different result. A single act can confer *in personam* jurisdiction over a non-resident defendant respecting a cause of action germane to that transaction. *See, e.g., Danville Plywood Corp.*, 218 Va. at 534-35.

The Court finds that Boyd Corp. satisfied its burden of proving by a preponderance of the evidence that Coon had sufficient minimum contacts in Virginia to answer suit here. The motion to set aside the default judgment is denied.